UNITED STATES of America,
Plaintiff–Appellee,

v.

Dennis Bryant DAMER,
Defendant–Appellant.

No. 90–8169
(Summary Calendar).

United States Court of Appeals,
Fifth Circuit.

Aug. 22, 1990.

Sam R. Perry, Austin, Tex. (court appointed), for defendant-appellant.

LeRoy Morgan Jahn, Asst. U.S. Atty., San Antonio, Tex., Mark H. Marshall, Asst. U.S. Atty., Austin, Tex., for plaintiff-appellee.

Before GEE, SMITH, and WIENER, Circuit Judges.

PER CURIAM:

Appellant, Dennis Bryant Damer ("Damer") appeals from a sentence of 140 months imprisonment and eight years of special release resulting from his conviction following a plea of guilty to a charge of distribution of more than 10 grams of methamphetamines within 1,000 feet of a public school, in violation of 21 U.S.C. §§ 841(a)(1) and 845a(a). Finding no reversible error, we affirm.

I.

In the area of sentencing, this case appears to present an issue of first impression. A grand jury indicted Damer on charges of (1) conspiracy to possess with intent to distribute over 100 grams of methamphetamine; (2) distribution of more than 10 grams of methamphetamine within 1,000 feet of real property comprising a public school; and (3) possession with intent to distribute more than 100 grams of methamphetamines. Pursuant to a plea agreement Damer entered a guilty plea to distribution of more than 10 grams of methamphetamines within 1,000 feet of real property comprising a public elementary school. After he was sentenced Damer filed a timely notice of appeal.

II.

In Damer's plea agreement, the government agreed "to make known to the Court,

prior to sentencing, the nature and extent of the defendant's cooperation concerning this investigation, and of any other matters in which he may provide assistance." Damer in fact provided substantial information and assistance in the investigation and prosecution of another defendant.

At his plea hearing, Damer told the district court that no one had made any promise to him not otherwise reflected in the plea agreement, and that no one had made any "prediction, prophecy or promise" as to what his sentence might be. As the result of Damer's compliance with the terms of his plea agreement, the government filed a motion pursuant to U.S.S.G. § 5K1.1 (hereinafter "5K1.1") urging the district court to make a downward departure from the applicable guideline range of punishment.

When appellant appeared before the district court to be sentenced, neither he nor his counsel raised any objection to the presentence investigation report. After Damer and his counsel declined allocution, the government urged the court to act favorably on the motion for downward departure.

The district court did not explicitly grant or deny the government's motion. Instead, the court made several comments about the seriousness of the offense. Among other things, it observed that the offense is "very serious;" that "It's serious not only because it is an offense which encourages and can encourage others to have the same [drug abuse] problems that you had [but] because it was in part, done at a location within a relatively close proximity to a school." The court explained that the statutory penalty range for the subject offense was from 5 to 80 years of imprisonment, and observed that it was "one of the largest ranges of punishment for any offense I have come before me." In that regard, the

district court noted that the sentencing guidelines had reduced the sentence "substantially," having previously specified a range of 135 to 160 months.

The district court also stated, "I have read your statement [submitted in lieu of allocution], as well as the letter from the chaplain, and I've also read the material that's been provided to the court by the United States Attorneys' office regarding the work that you have done." Damer was then sentenced to 140 months incarceration and eight years of special release.

### III.

■ Damer argues that the district court erred in refusing to depart downward in response to the government's 5k1.1 motion. As noted earlier, this fact situation and Damer's basis of appeal appear to be res nova.[1] In arguing that he was entitled to a downward departure as a matter of right once he provided substantial assistance to the government, and it moved for such a departure pursuant to 5K1.1, Damer relies on *United States v. Mejia–Orosco,* 867 F.2d 216, 219 (5th Cir.), *as amended,* 868 F.2d 807, *cert. denied,* — U.S. —, 109 S.Ct. 3257, 106 L.Ed.2d 602 (1989). Damer claims that the district court's failure to grant the government's motion resulted in a sentence "imposed in violation of law or imposed as a result of an incorrect application of the sentencing guidelines." 18 U.S.C. § 3742(e) and (f).

■ *Mejia–Orosco* does not support Damer's legal theory. Our decision in that case cannot be read as entitling a defendant to downward departure as a matter of right. To the contrary, the language of 5K1.1 is replete with permissive rather than mandatory language. Universally acknowledged rules of statutory construction

1. The uniqueness of this case lies in the fact that the government upheld its end of the bargain by filing its 5K1.1 motion for downward departure in light of Damer's extreme cooperation, only to have the motion ignored, or at least not expressly recognized, by the district court. The reverse fact pattern, i.e., the government's failure or refusal to file a 5K1.1 motion after a defendant has complied with his plea agreement obligation of substantial assistance, and that situation's

apparent "veto" effect on the sentencing judge's authority to depart downward, has been receiving considerable attention in federal courts of late, especially the constitutional implications. See, e.g., *United States v. Roberts,* 726 F.Supp. 1359 (D.D.C.1989); *United States v. Curran,* 724 F.Supp. 1239 (C.D.Ill.1989); *United States v. Skeeter,* No. 89 CR 0408 (RWS) 1990 WL 16043 (S.D.N.Y. Feb. 13, 1990).

of such verbiage lead inescapably to the conclusion that it is within the discretion of the district court whether or not to sentence below the guideline range in response to a 5K1.1 motion or recommendation of the government for downward departure. For example, 5K1.1 states that upon the government's motion the district court "may" depart downward; that defendant's substantial assistance "may" justify a sentence below the statutory minimum; that "latitude" is afforded to the sentencing judge. We find no basis in the sentencing guidelines or other statutory provisions for Damer's contention that the government's motion entitled him to a two-level downward departure as a matter of right. Rather, we find that once the government has filed its 5K1.1 motion, application of downward departure is left to the discretion of the sentencing court. We therefore review the district court's application of 5K1.1 only for abuse of discretion.

 In the alternative, Damer argues that the district court abused its discretion by a *de facto* denial of the government's motion for departure. The facts of the instant situation and the district court's verbalization of the seriousness of the crime eschew such a conclusion. Although a sentence of 11 years and 8 months is more than twice the minimum of the applicable range for the charge to which Damer pleaded guilty, it is within the lower end of the applicable guidelines range. It cannot therefore be said that the district court failed to reward Damer for his cooperation with the authorities.

We find no abuse of discretion by the district court in failing expressly to grant the government's motion for departure. Damer received substantial benefit from his plea bargain agreement and for complying with his obligations under the agreement by cooperating with the government. Under the circumstances, the district court's handling of the sentencing process did not amount to an abuse of discretion.

In closing we note that this case presents a vivid illustration of some of the difficulties inherent in the current sentencing process. The entire judiciary is under constant pressure to "get tough on crime," particularly when, as here, drugs are sold in close proximity to an elementary school. At the same time, the judiciary is constrained to look with favor on recommendations of prosecutors and the law enforcement establishment by following sentencing recommendations emanating from plea agreements with "little fish" whose assistance is needed to apprehend and convict "big fish." That is precisely the kind of dilemma which faced the district court in this case. Although we recognize that a sentencing court's failure to accede to the government's 5K1.1 motion could have a "chilling" effect on subsequent efforts to gain valuable assistance from confessed criminals under like circumstances, a downward departure resulting in a significantly shorter prison term could send an unintended signal of "softness" to drug dealers and concerned citizens alike. Thus another situation in which the courts are "damned if they do and damned if they don't."

For the foregoing reasons, the sentence imposed by the district court is AFFIRMED.