**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Daniel D. HAYES,
Defendant–Appellant.**

No. 90–3191.

United States Court of Appeals,
Seventh Circuit.

Argued April 3, 1991.

Decided Aug. 12, 1991.

Jeffrey Anderson, Asst. U.S. Atty. (argued), Madison, Wis., for plaintiff-appellee.

---

T. Christopher Kelly (argued), Madison, Wis., for defendant-appellant.

Before FLAUM and RIPPLE, Circuit Judges, and MOODY, District Judge.[*]

RIPPLE, Circuit Judge.

Daniel D. Hayes pleaded guilty to one count of possession with intent to manufacture 100 or more marijuana plants in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(vii). In exchange for his promise to cooperate, the government agreed to recommend to the district court that Mr. Hayes receive a sentence below the statutory mandatory minimum. At sentencing, the government filed a motion pursuant to 18 U.S.C. § 3553(e) for a downward departure. The district court denied the government's motion and sentenced Mr. Hayes to the mandatory minimum five years' imprisonment and to five years' supervised release. Mr. Hayes filed a notice of appeal from his sentence. For the reasons set forth in this opinion, we conclude that it was within the district court's discretion to refuse to depart. We also conclude that we are without jurisdiction to review the merits of the district court's refusal.

I

BACKGROUND

A. *Facts*

On September 6, 1989, Bayfield County, Wisconsin, Deputy Sheriff James T. Jacobson received a tip from an anonymous informant that Mr. Hayes was growing marijuana approximately two miles from his home. Deputy Jacobson visited the location and found a number of marijuana gardens. On September 12 and 13, 1989, Deputy Jacobson and other law enforcement officials installed cameras and videotape equipment in the gardens, where they observed and photographed Mr. Hayes working. Upon inspecting the gardens, the officials noticed that the marijuana plants had been harvested. Based on this informa-

tion, the officers obtained and executed a search warrant of Mr. Hayes' home, outbuildings, and truck. The search revealed nine gardens containing 289 marijuana plants, three firearms, and drug paraphernalia.

Mr. Hayes was arrested and indicted on one count of possession with intent to manufacture 100 or more marijuana plants, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(vii). Mr. Hayes pleaded guilty. As part of the plea agreement, Mr. Hayes agreed to provide information to the government regarding his and others' involvement in the marijuana business. The government agreed that, if Mr. Hayes' assistance was substantial, it would file a motion for a downward departure. The plea agreement contained the caveat that the sentencing court was free to impose any sentence including the maximum statutory penalties.

B. *Sentencing Hearing*

The district court determined that Mr. Hayes' base offense level was 18. The court gave Mr. Hayes a two-level reduction for acceptance of responsibility. Thus, his total offense level was 16. The court determined that his criminal history category was I. The resulting guideline sentencing range was 21 to 27 months. However, because Mr. Hayes' conduct involved over 100 marijuana plants, 21 U.S.C. § 841(b)(1)(B)(vii) provided for a mandatory five-year minimum period of incarceration. Section 5G1.1(b) of the sentencing guidelines provides that, when a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be imposed.

The government filed a motion pursuant to 18 U.S.C. § 3553(e) for a downward departure from the minimum five-year term of imprisonment. The government acknowledged that Mr. Hayes had provided substantial assistance and that the information he had provided would permit it to

---

[*] The Hon. James T. Moody, District Judge of the United States District Court for the Northern District of Indiana, is sitting by designation.

charge others. The district court denied the motion. The court noted the government's opinion that Mr. Hayes' assistance had been substantial, but explained that, in its view, the significance or usefulness of Mr. Hayes' assistance could not be ascertained at that time. The court stated that the nature and extent of Mr. Hayes' assistance could be better addressed later in a proceeding pursuant to Federal Rule of Criminal Procedure 35(b). The court also noted that Mr. Hayes' assistance was not timely and that Mr. Hayes had not suffered any injury as a result of his assistance. The court concluded that Mr. Hayes' role in growing, cultivating, and harvesting the marijuana was sufficiently serious to warrant the statutory mandatory minimum sentence of five years' imprisonment.

## II

## ANALYSIS

### A. *Legality of the Sentence*

■ Mr. Hayes makes two arguments concerning the legality of his sentence. The first issue we must resolve is whether the district court had discretion to refuse to depart notwithstanding the government's section 3553(e) motion. Mr. Hayes argues that the court must depart and in support emphasizes and contrasts the language of section 3553(e) and section 5K1.1, a guideline policy statement. Section 3553(e) provides:

> Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. Such sentence *shall* be imposed in accordance with the guidelines and

policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code.

18 U.S.C. § 3553(e) (emphasis supplied). Section 5K1.1 provides in pertinent part:

> Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court *may* depart from the guidelines.

U.S.S.G. § 5K1.1 (emphasis supplied). Mr. Hayes contends that, while the language of section 5K1.1—"may depart"—is permissive and gives the court discretion to deny the government's motion, the language of section 3553(e)—"[s]uch sentence shall be imposed"—is mandatory and leaves the court no discretion to deny the government's motion.

This argument is not persuasive. Mr. Hayes has taken "shall" and "may" out of context. The pertinent phrase is "shall be imposed in accordance with the guidelines and policy statements." This language does not mandate that the district court depart, but that it proceed in accordance with the guidelines and policy statements in deciding whether and to what extent to depart.[1] Had Congress intended to make section 3553(e) mandatory, it could have done so simply by stating that "[u]pon motion of the Government, the court *shall impose* a sentence below a level established by statute," and the second sentence of section 3553(e) would have been unnecessary.

Courts regularly treat sections 3553(e) and 5K1.1 as parallels for purpose of analysis. *See, e.g., United States v. Thomas,* 930 F.2d 526, 529 (7th Cir.1991); *United States v. Kuntz,* 908 F.2d 655, 657 (10th Cir.1990). Mr. Hayes' argument has been rejected in the context of section 5K1.1.[2]

---

**1.** Two circuits have indicated in *dicta* that district courts retain discretion to deny section 3553(e) motions by the government. *See United States v. Huerta,* 878 F.2d 89, 94 n. 2 (2d Cir. 1989) ("As in the case of plea bargains, a court is free to grant or deny a Section 3553(e) motion by the government."), *cert. denied,* —— U.S. ——, 110 S.Ct. 845, 107 L.Ed.2d 839 (1990); *United States v. Musser,* 856 F.2d 1484, 1487

(11th Cir.1988) (per curiam) (although Congress delegated authority to prosecutors "to *move* the district court for a reduction of sentence ... [t]he authority to actually reduce a sentence remains vested in the district court") (emphasis in original), *cert. denied,* 489 U.S. 1022, 109 S.Ct. 1145, 103 L.Ed.2d 205 (1989).

**2.** Mr. Hayes concedes that section 5K1.1 is permissive.

In *United States v. Damer*, 910 F.2d 1239 (5th Cir.) (per curiam), *cert. denied*, —— U.S. ——, 111 S.Ct. 535, 112 L.Ed.2d 545 (1990), the defendant argued that he was entitled to a downward departure as a matter of right once the government moved for a departure. The court rejected this argument on the ground that section 5K1.1 was "replete with permissive rather than mandatory language."[3] *Id.* at 1240. It is to this permissive language that section 3553(e) directs a district court. In addition, *Application Note* 1 of the *Commentary* to section 5K1.1 further contradicts Mr. Hayes' position. It provides:

> Under circumstances set forth in 18 U.S.C. § 3553(e) and 28 U.S.C. § 994(n), as amended, substantial assistance in the investigation or prosecution of another person who has committed an offense *may* justify a sentence below a statutorily required minimum sentence.

U.S.S.G. § 5K1.1 *Application Note* 1 (emphasis supplied). There is no basis for reading section 3553(e) as mandating departure and section 5K1.1 as not. Thus, we conclude that, once the government has moved for a downward departure, the decision whether to depart is within the sound discretion of the district court.[4]

■ Mr. Hayes also argues that his sentence was in violation of law by exceeding the applicable guideline range because the court sentenced him to the statutory mandatory minimum, which "exceeded" the guideline range of 21 to 27 months. Mr. Hayes' argument is based on a misunderstanding of the relationship between the guidelines and statutory minima. As we noted above, section 5G1.1(b) controls in this situation and provides that "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." Thus, the district court sentenced Mr. Hayes within, and not in excess of, the guidelines. A sentence within the statutory limits is not in violation of law. *See United States v. Missick*, 875 F.2d 1294, 1301 (7th Cir.1989).

### B. *Judicial Decision to Deny Motion for Departure*

■ In addition to arguing that his sentence is illegal, Mr. Hayes submits that the district court abused its discretion in denying the government's motion for departure. Our jurisdiction to review sentencing decisions is limited to those grounds specified in 18 U.S.C.A. § 3742(a), (b) (West 1985 & Supp.1991). In *Franz*, this court considered whether an appellate court has jurisdiction to review a district court's refusal to depart. The court concluded that such a refusal is not subject to appellate review because a refusal does not constitute an incorrect application of the guidelines, *see*

---

**3.** In *United States v. Castellanos*, 904 F.2d 1490, 1497 (11th Cir.1990), which directly involved a section 5K1.1 motion, the court indicated that "under both the guidelines and the statute [section 3553(e)], the district court's decision to grant a prosecutor's motion for downward departure is clearly discretionary." *Cf. United States v. Keene*, 933 F.2d 711, 712–15 (9th Cir. 1991) (when government moves for downward departure, court may depart below statutory minimum as well as below guideline range even if motion is styled as 5K1.1 rather than 3553(e)); *United States v. Pippin*, 903 F.2d 1478, 1485 (11th Cir.1990) ("Once it has made a 5K1.1 motion, the government has no control over whether ... the district court departs from the Guidelines...."). The court in *Castellanos* determined that it lacked jurisdiction to review the exercise of such discretion. 904 F.2d at 1498.

The court in *Damer*, however, considered whether the district court abused its discretion in denying the government's motion for departure. *See* 910 F.2d at 1241. We note, however, that at least part of the defendant's argument in *Damer* appears to have been that the district court erred as a matter of law in not considering the government's 5K1.1 motion. For the reasons discussed *infra*, we decline to review the merits of the district court's refusal to depart.

**4.** We also note that construing the language of section 3553(e) as permissive is consistent with other cases that have found the district court's decision to depart on the basis of aggravating or mitigating circumstances pursuant to section 5K2.0 to be discretionary. *See United States v. Franz*, 886 F.2d 973, 981–82 (7th Cir.1989); *United States v. Diaz–Villafane*, 874 F.2d 43, 52 (1st Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 177, 107 L.Ed.2d 133 (1989); *United States v. Paulino*, 873 F.2d 23, 25 (2d Cir.1989) (per curiam); *see also* U.S.S.G. § 5K2.0 (policy statement).

886 F.2d at 978, or, without more,[5] a violation of law. *See id.* at 979 n. 7; *accord United States v. Tucker,* 892 F.2d 8 (1st Cir.1989); *United States v. Colon,* 884 F.2d 1550 (2d Cir.), *cert. denied,* — U.S. —, 110 S.Ct. 553, 107 L.Ed.2d 550 (1989); *see also United States v. Buenrostro,* 868 F.2d 135, 139 (5th Cir.1989), *cert. denied,* — U.S. —, 110 S.Ct. 1957, 109 L.Ed.2d 319 (1990).

Because Mr. Hayes' sentence is not in violation of law, the result of an incorrect application of the guidelines, or in excess of the applicable guideline range, this court is without jurisdiction to consider the merits of Mr. Hayes' claim.

### Conclusion

When the government files a motion for departure, the defendant is not entitled to a downward departure as a matter of right. The decision whether to grant the motion is within the sound discretion of the district court. Therefore, to the extent Mr. Hayes is arguing that the district court had no discretion to deny the government's motion, the judgment of the district court is affirmed. To the extent Mr. Hayes is arguing that the district court abused its discretion in refusing to depart, this court lacks jurisdiction to review his claim.

AFFIRMED IN PART; DISMISSED IN PART FOR LACK OF JURISDICTION

---

**5.** The court in *Franz* noted that appellate review of a refusal to depart is available under 18 U.S.C. § 3742(a)(1) when the district court's refusal is based on a violation of law, such as when the court has failed to employ fair procedures to determine the accuracy of information used in sentencing. *See* 886 F.2d at 980; *see also United States v. Solis,* 923 F.2d 548, 551–52 (7th Cir.1991). This exception does not help Mr. Hayes because he has not suggested that the district court sentenced him on the basis of inaccurate information or violated any other law. Nor is any procedural infirmity of constitutional magnitude alleged.