955 F.2d 46
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony J. GLAPA, Defendant-Appellant.
 No. 91-1834.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 10, 1992.*
Decided Feb. 13, 1992.
 
 Before POSNER, and FLAUM, Circuit Judges, FAIRCHILD, Senior Circuit Judge.
 
 ORDER
 
 1
 Anthony J. Glapa was convicted of conspiring to possess marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Glapa was a high-ranking member of a drug conspiracy which operated from March 1986 to April 1990, distributing massive amounts of marijuana to the Milwaukee area. Because he provided substantial assistance to the government in investigating other individuals, the prosecution moved under section 5K1.1 of the Federal Sentencing Guidelines for a downward departure in Glapa's sentence. The district court denied the motion, but sentenced Glapa at the low end of his guideline range to 135 months imprisonment.
 
 
 2
 Glapa argues that the district court's refusal to depart downward from his guideline range is in violation of the law. See 18 U.S.C. § 3742(a)(1). He asserts that the district court discounted his cooperation with the authorities in evaluating the 5K1.1 motion, despite the government's unopposed acknowledgment of the value of Glapa's assistance. He also maintains that the district court may have relied on improper factors in denying the government's motion to depart downward. We affirm.
 
 
 3
 A defendant is not entitled to a downward departure as a matter of right upon a section 5K1.1 motion by the government. United States v. Damer, 910 F.2d 1239, 1240 (5th Cir.) (per curiam), cert. denied, 111 S.Ct. 535 (1990). The decision to grant the motion is within the discretion of the district court. United States v. Hayes, 939 F.2d 509, 513 (7th Cir.1991), cert. denied, 60 USLW 3479 (1992). In most cases, the decision not to depart downward is unreviewable on appeal. See, e.g., United States v. Gant, 902 F.2d 570, 572-73 (7th Cir.1990). This court recognizes a narrow exception to this general rule where the defendant "demonstrates 'grave doubt as to the veracity of the information ... [and] that the court relied on that false information in determining the sentence.' " United States v. Franz, 886 F.2d 973, 980 (7th Cir.1989) (quoting United States v. Eschweiler, 782 F.2d 1385 1387 (7th Cir.1986)). This appeal is within this narrow exception because Glapa attacks the information allegedly relied upon by the district court in determining his sentence. We will review the denial of the 5K1.1 motion under an abuse of discretion standard.
 
 
 4
 Glapa claims that the district court erroneously characterized Glapa's assistance to the government as essentially useless, and that the district court relied upon this false characterization in imposing sentence. Glapa asserts that the district court failed to take into consideration the government's estimation of the value of Glapa's cooperation with authorities as required by U.S.S.G. § 5K1.1 Application Note 3. When read as a whole, the record makes clear that Glapa's assessment of the district court's reasoning is incorrect. The district court explicitly referred to the government's appraisal as an important factor in sentencing Glapa at the low end of his guideline range:
 
 
 5
 So, I will be staying within the guidelines, but at the low end of the range, and feeling that in doing so, I am giving him consideration for the considerable effort and information that he apparently provided and yet at the same time not unduly minimizing what I feel is a very serious role that he played in the total conspiracy.
 
 
 6
 (Sent.Hrg., R. 47 at 69-70.) The district court further remarked, "Now, when I started looking at this presentence, I was looking at 168 months. I have gone down to the end of the range, and I am doing that as consideration for what you have done and I feel that that's the appropriate situation in this case." Id. at 73. The record indicates that the district court gave substantial weight to the government's evaluation of Glapa's assistance, and this is all the guidelines require.
 
 
 7
 Glapa also contends that the district court may have improperly relied upon factors outside of those set forth in section 5K1.1[1] in imposing his sentence. Our review of the record reveals no improper considerations. The factors listed in 5K1.1 are not exhaustive. United States v. Thomas, 930 F.2d 526, 529 (7th Cir.1991), cert. denied, 112 S.Ct. 171 (1991). In refusing to depart downward, the district court sought to avoid substantial disparity between Glapa's sentence and those of his less culpable co-conspirators who also gave assistance to the government. (Sent.Hrg., R. 47 at 68.) The district court also expressed doubts as to whether Glapa truly "intended to turn his life around." Id. at 68. These are factors which a district court may properly consider in determining the suitability of a particular sentence. See United States v. Fonner, 920 F.2d 1330, 1333 (7th Cir.1990) (quoting 18 U.S.C. § 3661) ("Sentencing judges may use all the information they possess. 'No limitation shall be placed on the information concerning the background, character, and conduct of a person ... for the purpose of imposing an appropriate sentence.' ").
 
 
 8
 Because we find there was no abuse of discretion, the judgment of the district court is
 
 
 9
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Section 5K1.1 provides:
 Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.
 (a) The appropriate reduction shall be determined by the court for reasons stated that may include, but are not limited to, consideration of the following:
 (1) the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;
 (2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;
 (3) the nature and extent of the defendant's assistance;
 (4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance;
 (5) the timeliness of the defendant's assistance.