956 F.2d 1165
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Jerome HOWARD, also known as Hamill, Defendant/Appellant.
 No. 91-1009.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 18, 1992.
Decided March 10, 1992.
 
 Before BAUER, Chief Judge, and COFFEY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 A jury convicted Jerome Howard of knowingly conspiring to possess with intent to distribute cocaine. 21 U.S.C. § 841(a)(1) and § 846. On appeal, Howard's appointed attorney, who represented him at trial, filed a motion to withdraw, believing any appeal would be frivolous. See Anders v. California, 386 U.S. 738 (1967); United States v. Edwards, 777 F.2d 364 (7th Cir.1985). Pursuant to Circuit Rule 51(a), we notified Howard of his attorney's motion, to which he responded. Finding no meritorious issue for appeal, we grant counsel's motion to withdraw and dismiss the appeal as frivolous.
 
 
 2
 Howard's attorney identifies three possible issues for appeal. First, counsel contends that the district court did not abuse its discretion by allowing, over his standing objection, Orson Matlock, a confidential informant, to testify to prior drug conduct involving Howard. We agree. Matlock testified that before the drug transaction in question, he went with Howard and Yvonne Webster [Howard's co-defendant] to an alley where they attempted to obtain cocaine from an elderly man. While waiting for the man to bring the cocaine, Matlock testified that Howard told him that he "had moved up in his narcotics business from buying ounces to keys of cocaine." When the elderly man came back to the car and told Webster that he could only get ounces of cocaine, Howard responded "I don't want no ounces, I want a key" and drove out of the alley.
 
 
 3
 "Evidence of a prior drug transaction is admissible under [Federal Rule of Evidence] 404(b) to show a defendant's intent to take part in a conspiracy, his opportunity to acquire and distribute cocaine, and his knowledge of the distribution network." United States v. Cooper, 942 F.2d 1200, 1205 (7th Cir.1991) (citing United States v. Shukitis, 877 F.2d 1322, 1329 (7th Cir.1990) (district court properly admitted evidence of defendant's prior cocaine purchases because it was probative of his intent and opportunity to obtain cocaine)). Howard's prior attempt to obtain "keys" of cocaine was directly related to the charges against him in the indictment. Shukitis, 877 F.2d at 1329. Further review of the record does not indicate any other grounds upon which Howard's conviction can be overturned.
 
 
 4
 Counsel's last two arguments concern the legality of Howard's sentence. The Guidelines prescribed a range of 78-97 months' imprisonment for Howard's offense. However, the statutory minimum sentence for a violation of 21 U.S.C. § 841(a)(1) by an individual previously convicted of a felony is 10 years' imprisonment. See 21 U.S.C. § 841(b)(1)(B)(ii). At the sentencing hearing, counsel for the government brought to the district court's attention that Howard had a 1986 state felony conviction for delivery of a controlled substance. The district court expressed its desire to sentence Howard under the Guidelines range, but held that it lacked authority to disregard the statutorily imposed minimum, and sentenced Howard to 10 years' imprisonment and four years' supervised release.
 
 
 5
 Howard's counsel correctly points out that this court and other circuits have consistently rejected arguments that sentences imposed under 21 U.S.C. § 841(b) violate the constitution. See United States v. Velasco, No. 90-1461, slip op. at 18 (7th Cir. Jan 22, 1992) ("[m]andatory minimum sentences are not unconstitutional"); United States v. McNeese, 901 F.2d 585, 606 (7th Cir.1990) (collecting cases). Furthermore, as counsel also notes, Howard's 10 year mandatory minimum sentence was not illegal merely because it was greater than the Guidelines sentence of 78-97 months. Guidelines section 5G1.1 is controlling in situations where a statutorily imposed minimum sentence is longer than the maximum Guideline range sentence, United States v. Hayes, 939 F.2d 509, 512 (7th Cir.1991), and section 5G1.1 provides that the "statutorily, required minimum sentence shall be the guideline sentence." Thus, Howard's sentence is within the statutory limits and does not illegally exceed the Guidelines range. Id. at 512.
 
 
 6
 Howard's response to the Anders brief raises two additional challenges to his sentence. First, Howard contends that the district court's belief that it could not depart from the mandatory minimum sentence was error.[1] This contention is without merit. The only means by which the sentence could be reduced below the statutory minimum is pursuant to the circumstances described in 18 U.S.C. § 3553(e), which provides that "upon motion of the Government, the court shall have the authority to impose a sentence below the level established by statute as minimum sentence so as to reflect a defendant's substantial assistance". United States v. Thomas, 930 F.2d 526, 527 (7th Cir.1991). These circumstances are not present in Howard's case, thus the district court correctly concluded that it lacked authority to sentence Howard below the statutorily required minimum.[2]
 
 
 7
 Next, Howard contends that the district court erred in sentencing him to the mandatory minimum of 10 years' imprisonment under 21 U.S.C. § 841(b) because he has not previously been convicted of a felony. Howard cannot seriously make this contention in light of his counsel's acknowledgement at sentencing that Howard had a prior felony conviction and that 21 U.S.C. § 841(b) required that the district court sentence him to a minimum of 10 years' incarceration. Moreover, Howard himself admitted to the district court that he had previously pleaded guilty to delivery of a controlled substance (a state court felony conviction), that he was represented by counsel, and that he was sentenced to two years probation. Thus, the district court properly sentenced Howard to the mandatory 10-year minimum sentence under 21 U.S.C. § 841(b). Our review of the sentencing transcript reveals no other issues upon which we could base a reversal of Howard's sentence.
 
 
 8
 There being no nonfrivolous grounds for an appeal in this case, counsel's motion to withdraw is GRANTED, and the appeal is dismissed. Howard's motions to withdraw the Anders brief and for appointment of counsel are DENIED as moot.
 
 
 
 [1]
 "A decision not to depart is reviewable on appeal if it is the product of a conclusion that the judge lacks authority to depart." United States v. Poff, 926 F.2d 588, 590 (7th Cir.1991)
 
 
 [2]
 Additionally, at sentencing, Howard's attorney told the court that there was no basis for a departure