960 F.2d 150
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William ROBINSON, Defendant-Appellant.
 No. 91-6038.
 United States Court of Appeals, Sixth Circuit.
 April 15, 1992.
 
 Before ALAN A. NORRIS and SUHRHEINRICH, Circuit Judges; and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant-appellant, William Robinson, appeals his sentence for violation of 21 U.S.C. § 841(a)(1).
 
 I.
 
 2
 On May 24, 1990, defendant sold an undercover officer of the Chattanooga Police Department 32 rocks of crack cocaine for $600. On July 10, 1990, a federal grand jury returned a one-count indictment charging defendant with violation of 21 U.S.C. § 841(a)(1) for the distribution of cocaine base, a Schedule 11 controlled substance.
 
 
 3
 Defendant entered a plea of guilty pursuant to a plea agreement. The presentence report prepared by the United States Probation Office determined that defendant was a career offender because he was over 18 and had at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1 Therefore, defendant's criminal history category was automatically a Category VI and his base offense level was at least 34. The presentence report gave a two-point downward adjustment to his base offense level for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. With an offense level of 32 and a criminal history category of VI, the applicable guideline sentencing range was from 210 to 262 months of incarceration.
 
 
 4
 On August 19, 1991, the district court sentenced defendant within the applicable guideline range to a 236 month term of imprisonment.
 
 
 5
 Defendant timely filed an appeal.
 
 II.
 
 6
 We must first decide whether this court has jurisdiction to review a sentence that defendant concedes is within the applicable guideline range.
 
 
 7
 The government argues that because defendant concedes that his sentence falls within the applicable guideline range,[1] there is no jurisdiction for this court to hear an appeal pursuant to 18 U.S.C. § 3742.
 
 
 8
 We agree. Section 18 U.S.C. § 3742 provides as follows:
 
 
 9
 (a) Appeal by a Defendant.--A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence--
 
 
 10
 (1) was imposed in violation of law;
 
 
 11
 (2) was imposed as a result of an incorrect application of the sentencing guidelines; or
 
 
 12
 (3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more limiting condition of probation or supervised release under section 3563(b)(6) or (b)(11) than the maximum established in the guideline range; or
 
 
 13
 (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.
 
 
 14
 18 U.S.C. § 3742(a). This court and other circuits interpreting this section have concluded that where a defendant's sentence is "within the guideline range [the defendant is] precluded from appealing." United States v. Sawyers, 902 F.2d 1217, 1221 n. 5 (6th Cir.1990), cert. denied, 111 S.Ct. 2895 (1991). See also United States v. Hayes, 939 F.2d 509, 513 (7th Cir.1991) (because the defendant's sentence is not in violation of the law, the result of an incorrect application of the guidelines, or in excess of the applicable guideline range, court is without jurisdiction to consider the merits of defendant's claim), cert. denied, 112 S.Ct. 896 (1992); United States v. John, 935 F.2d 644, 648 n. 5 (4th Cir.1991) (defendant challenged district court's sentence at the top of the applicable guideline range, but the court concluded that "[w]e have no jurisdiction, however, to review a sentence which is within the correct guideline range"); United States v. Vega-Encarnacion, 914 F.2d 20, 25 (1st Cir.1990) (legislative history of section 3742(a) reflects that "Congress did not intend to allow an appeal from a sentence within the Guidelines"), cert. denied, 111 S.Ct. 1626 (1991); United States v. Pelayo-Bautista, 907 F.2d 99, 101 (9th Cir.1990) (court does not have jurisdiction to hear the appeal because an appeal on the ground that a defendant's sentence within a guideline range should have been more lenient is not authorized by section 3742(a)); United States v. Alamin, 895 F.2d 1335, 1337 (11th Cir.) ("to the extent that [the defendant] merely complains of the district court's decision to impose a heavier, rather than lighter, sentence within the guidelines, [the defendant] has no valid claim on appeal"), cert. denied, 111 S.Ct. 196 (1990).
 
 
 15
 There is no federal authority for defendant's argument that one must be given a minimum sentence within the applicable guideline range unless there are specific aggravating factors. Defendant's assertion does not constitute an argument that the Guidelines were imposed "in violation of the law" under 18 U.S.C. § 3742(a)(1) or that there was an incorrect application of the Guidelines under 18 U.S.C. § 3742(a)(2). Also there is no authority for defendant's argument that a court must provide specific reasons for choosing a particular number of months of incarceration within the applicable guideline range. Therefore, defendant has not made a valid argument that the district court violated the Guidelines, but merely contends that the court should have given him a lower sentence within the applicable guideline range. This court does not have jurisdiction under 18 U.S.C. § 3742 to hear such an appeal.
 
 III.
 
 16
 Even if this court were to review the sentence, it is clear that the district court did not abuse its discretion by sentencing defendant at the midpoint of the applicable guideline range.
 
 
 17
 The district court decided to impose a sentence in the middle of the applicable guideline range, providing the following reason:
 
 
 18
 Well, this is another in a long series of drug cases which have come before this court. The guidelines reflect this is a serious offense, so the court's reasons for imposing the sentence that it will impose in this case will also reflect that this is a serious offense.
 
 
 19
 The sentence will also be imposed for the purpose of affording adequate deterrence to criminal conduct, protecting the public from further crimes of this Defendant. Because the court sees no particularly aggravating or mitigating circumstances which would require varying the sentence within the guidelines to the higher or the lower end, the court will set its sentence at the midpoint of the sentencing guidelines.
 
 
 20
 Contrary to defendant's contention, this reasoning is not an abuse of the district court's discretion and is fully supported by the factual findings of the presentence report, which the district court expressly adopted. Even though only two prior drug offenses are needed for a determination that one is a career criminal offender pursuant to Guideline § 4B1.1, defendant had six prior felony drug convictions. He had been arrested approximately every two to three years from the age of 21 years on. Thus, even if there were a requirement that there be a valid reason for not giving a defendant a minimum sentence within the applicable guideline range (which there is not), the district court had sufficient justification for deciding to sentence defendant at the midpoint of the applicable guideline range.
 
 
 21
 Defendant's argument that his acceptance of responsibility should be considered a mitigating factor warranting a minimum sentence is also to no avail. Defendant's acceptance of responsibility already earned him a two-point reduction in his base offense level. It would be erroneous for the district court to further reduce the sentence it had decided upon because of this factor. For these reasons, the district court was within its discretion in sentencing defendant at the midpoint of the applicable guideline range.
 
 
 22
 To conclude, the judgment of the district court is hereby AFFIRMED.
 
 
 
 [1]
 Defendant does not contend that the district court applied the wrong offense level. He does not challenge his characterization as a career offender or his criminal history category of VI. He also is not arguing that he was sentenced to a greater term of imprisonment than is provided by law