25 F.3d 1054
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Michael W. EDWARDS, Terry C. Johnson, Janice S. Martinez,
Jimmie J. Mohr, Noe Navejar, and Esmeralda
Navejar, Defendants-Appellants.
 Nos. 92-3789, 93-1019, 93-1020, 93-1021, 93-1487 and 93-1488.
 United States Court of Appeals, Seventh Circuit.
 Argued April 7, 1994.
Decided May 19, 1994.
 
 1
 Before FLAUM and ROVNER, Circuit Judges, and CRABB, Chief District Judge.[1]
 
 ORDER
 
 2
 Defendants were charged and convicted for their roles in a conspiracy to distribute 100 or more kilograms of marijuana. All of the named defendants except Janice Martinez and Jimmie Mohr were sentenced on their pleas of guilty and appeal only from their sentences. Martinez and Mohr raise challenges to the sufficiency of the evidence adduced against them at trial, and Martinez asserts that her sentence was calculated improperly. We find no errors in any of the proceedings and affirm all of the convictions and sentences.
 
 Michael W. Edwards
 
 3
 Defendant Edwards raises only one issue: that he was denied the benefit of the three-level reduction for acceptance of responsibility to which he was entitled under U.S.S.G. Sec. 3E1.1(b). The record shows that in imposing sentence, the district court determined that defendant's base offense level was 26 and that defendant was entitled to a three-level reduction for acceptance of responsibility. However, because the offense for which defendant was sentenced carried a mandatory minimum sentence of 60 months, and because giving defendant a third point for acceptance of responsibility would have reduced his sentencing guideline range below the statutory minimum, the court withheld the extra point. The court then granted the government's motion for a downward departure pursuant to U.S.S.G. Sec. 5K1.1 to recognize defendant's extensive cooperation and gave defendant a two-level departure, from level 24 to level 22, producing a sentencing guidelines range of 41 to 51 months.
 
 
 4
 Defendant's contention seems to be that the court erred in not giving him the third point for acceptance of responsibility when the government's filing of a Sec. 5K1.1 motion had relieved the court of the binding effect of the mandatory minimum sentence, or alternatively, that the court had an obligation to add one level to the amount of downward departure it gave defendant pursuant to Sec. 5K1.1, representing the third level for acceptance of responsibility the statutory minimum sentence prevented it from giving defendant. Neither argument succeeds.
 
 
 5
 The district judge proceeded properly in computing defendant's sentence as if the Sec. 5K1.1 motion had never been made and then, after completing this computation, departing downward pursuant to the government's motion. His analysis was correct: he could not give defendant a three-level reduction for acceptance of responsibility if such a reduction would take defendant's sentence below the statutory minimum, because a minimum sentence set by statute overrides the sentencing guidelines. United States v. Hayes, 939 F.2d 509, 510 (7th Cir.1991), cert. denied, 112 S.Ct. 896 (1992). Only after the court had finished computing the sentence and had decided to grant the government's motion for a downward departure was it free to depart downward as few or as many levels as it found appropriate.
 
 
 6
 This court has said repeatedly that it lacks jurisdiction to review the extent of a downward departure, see, e.g., United States v. Thomas, 11 F.3d 732, 735 (7th Cir.1993); United States v. Gant, 902 F.2d 570, 572-73 (7th Cir.1990), unless the sentencing court's determination is based upon a misunderstanding of the law. See, e.g., United States v. Poff, 926 F.2d 588, 590-91 (7th Cir.) (en banc), cert. denied, 112 S.Ct. 96 (1991) (court of appeals has jurisdiction to review denial of downward departure where "decision not to depart is the product of a conclusion that the judge lacks the authority to depart"). Defendant cites no authority suggesting that the law required the sentencing court to depart downward an additional level to reflect the fact that it was unable to give defendant the third level of reduction for acceptance of responsibility. Indeed, it could be argued that the court did give defendant his additional level of reduction: the government had recommended a one-level downward departure in recognition of defendant's cooperation and the court departed downward two levels.
 
 Terry C. Johnson
 
 7
 Defendant Johnson pleaded guilty to conspiring to possess and distribute 100 kilograms or more of marijuana. At his sentencing hearing, defendant's counsel told the court that defendant was prepared to stipulate to the presentence report and to the accuracy of the facts summarized in that report and that defendant had no grounds on which to challenge the amount of marijuana reasonably foreseeable to him as a member of the conspiracy. Now, with new counsel on appeal, defendant contends that the district court had no basis for determining either that he was a member of the conspiracy rather than simply a purchaser of marijuana or that he could have foreseen that the conspiracy would involve 100 kilograms of marijuana. Defendant argues that the presentence report identifies only one transaction in which he participated, involving only 100 pounds of marijuana. He tries to avoid the government's claim of waiver by contending first that by analogy to Fed.R.Crim.P. 11, this court should impose a strict requirement that the district court record disclose on its face the basis for the amount of controlled substance for which a defendant is held legally accountable. Second, he argues that he was denied effective assistance of counsel when his counsel failed to put the government to its proof on the quantity of marijuana reasonably foreseeable to defendant. Defendant emphasizes that the defects in his sentencing did not color his plea and that he does not want to withdraw his plea of guilty.
 
 
 8
 This court has held that a sentencing court " 'must make an explicit finding as to the drug quantity' " in a narcotics case and
 
 
 9
 "state reasons why each individual defendant was aware of or reasonably foresaw the particular amount of drugs for which he will be held accountable, with reference to supporting evidence."
 
 
 10
 United States v. DePriest, 6 F.3d 1201, 1213 (7th Cir.1993) (quoting United States v. Goines, 988 F.2d 750, 775 (7th Cir.1993)). However, we have never held that the parties cannot waive this requirement and we have never required a court to make additional findings when the defendant stipulates to the amount of drugs for which he will be held accountable. Cf. United States v. Atkinson, 979 F.2d 1219, 1224-25 (7th Cir.1992) (not plain error to sentence defendant on basis of drug quantity shown in presentence report when defendant given opportunity to "air his objections" at the sentencing hearing and gives court "no indication that there [is] anything but agreement regarding the numbers"). Rather, we have held explicitly that a defendant who is sentenced at the guideline level agreed upon in the plea agreement waives any right to challenge the determination to which he agreed and that in such a circumstance the district court need not spend time making an independent determination of the facts. United States v. Robinson, 14 F.3d 1200, 1206 (7th Cir.1994). Defendant's first attempt to avoid the government's waiver claim fails.
 
 
 11
 To prevail on his second argument, defendant must meet both prongs of the test for ineffective counsel claims articulated in Strickland v. Washington, 466 U.S. 668 (1984): that the representation provided him by his attorney at sentencing was not reasonably effective and that he suffered prejudice as a result. The interplay between the two prongs of the Strickland test varies from case to case. Here, a determination of counsel's effectiveness turns on whether defendant was prejudiced by his attorney's failure to put the government to its proof on the amount of marijuana reasonably foreseeable to defendant. If defendant cannot show that the court's finding would have been any different had his attorney challenged the amount of marijuana, he cannot show that it was ineffective representation for his attorney not to make the challenge. On the other hand, if he can make that showing, he can establish prejudice because the sentence he received for his part in a conspiracy involving 100 kilograms of marijuana is almost double the sentence he would have received for the 100 pounds for which he concedes he may be held accountable.
 
 
 12
 At sentencing, defendant's lawyer stipulated to the accuracy of paragraphs 1 through 17 of defendant's presentence report and defendant stated that the stipulation was acceptable to him. Defendant does not contend on appeal that defense counsel rendered ineffective assistance by stipulating to the report. The summary of the offense conduct in the presentence report includes references to two instances of marijuana transactions involving defendant. Paragraph 5 describes a transaction in or about November 1991, when co-defendants Janice Martinez and Esmeralda Navejar delivered approximately 100 pounds of marijuana to Arthur Derringer (a non-defendant co-conspirator) "for distribution by Terry C. Johnson." Paragraphs 7 through 17 discuss the details of a November 30, 1991 delivery to Indiana of about 300 pounds of marijuana and the arrangements made to distribute that amount. According to the offense summary at paragraph 12, on or about November 30, 1991, Derringer, defendant and another individual traveled to a Denny's restaurant where Derringer met with co-conspirator Noe Navejar; thereafter, all four individuals went across the street to the Holiday Inn where Derringer rented a room for Navejar and gave him approximately $70,400 in U.S. currency which had been provided to Derringer by defendant "as the remaining payment due for the approximate 100 pounds of marijuana delivered by Esmeralda [Navejar] and Martinez earlier in November of 1991," after which Derringer, defendant and the other individual left the Holiday Inn.
 
 
 13
 Although it is not clear from the offense summary in the presentence report whether defendant knew anything about the November 30 transaction or was just along for the ride and to pay off his debt from his purchase of marijuana via Derringer earlier in November, it is hard to believe that defendant accompanied Derringer without having any idea what Derringer was doing, when Derringer had served as defendant's middleman earlier in the month. In any event, such speculation is unnecessary, because Derringer's testimony at the trial of co-defendants Jimmie Mohr and Janice Martinez demonstrates clearly that defendant knew about the November 30 delivery and was expecting to receive a 100 pound portion of some larger amount of marijuana that Noe Navejar had delivered to Indiana. Derringer testified that he operated as a middleman for defendant, that he regularly took delivery for defendant of large amounts of marijuana that had been brought from Texas to Indiana by Noe Navejar's agents, that Noe Navejar had asked Derringer whether defendant would take 100 pounds for distribution out of the November 30 delivery and that when Derringer told Navejar that defendant did not have the cash available to purchase that much, Navejar said he would give defendant 100 pounds of marijuana out of the November 30 delivery anyway.
 
 
 14
 Defendant does not suggest that he could mount a successful challenge to the truthfulness of Derringer's testimony. It follows, therefore, that if defendant's counsel had put the government to its proof at defendant's sentencing hearing, the government could have proven defendant's actual knowledge of more than 100 kilograms from (1) his personal involvement in one actual and one promised delivery of 100 pounds each and (2) his knowledge that the second delivery was part of a larger amount. In short, counsel could not have changed the outcome of the sentencing guidelines calculation by challenging the amount of marijuana that defendant could reasonably have foreseen. Moreover, Derringer's testimony supports a finding that defendant was part of the charged conspiracy and not just the buyer in a buyer-seller relationship or a participant in a "stand-alone" conspiracy as he suggests. It is obvious that defendant was participating in an operation to import marijuana to Indiana and distribute it there. It is equally obvious that his own purchases would have revealed to him that at least 100 kilograms were involved.
 
 
 15
 Because defendant cannot show that a challenge to the government's proof would have changed the outcome of his sentencing hearing, he cannot prove that the representation he received at that sentencing was deficient, and he is bound by his counsel's waiver of any challenge to the court's determination that he is legally accountable for 100 kilograms of marijuana.
 
 Noe Navejar
 
 16
 This defendant's challenge to his sentence is based on two issues: (1) the court erred in failing to give him an additional reduction for timely acceptance of responsibility pursuant to U.S.S.G. Sec. 3E1.1. (b); and (2) the district court erred both in its determination of defendant's criminal history category and in departing upward to increase defendant's criminal history category from Category V to Category VI.
 
 
 17
 In an indictment returned in April 1992, defendant was charged with conspiracy to possess marijuana with intent to distribute it. On September 28, 1992, he entered a plea of guilty to Count I of the indictment. He was sentenced on February 12, 1993. Within two weeks of the return of the indictment, however, defendant had begun negotiating his guilty plea. He argues that although he did not enter the actual plea until the week prior to the scheduled start of trial, the record shows that he gave the government timely notice of his intention to plead so that it would not have to devote its resources to preparing for his trial.
 
 
 18
 At defendant's sentencing, the court found specifically that defendant was not entitled to the extra point that can be awarded for a timely acceptance of responsibility because he had not reached a firm agreement with the government sufficiently in advance of trial to save the government the work of preparing to try him. The court noted that just days before trial, it had received proposed jury instructions from the government relating to this defendant. Defendant disputes the court's finding, maintaining that he had communicated his intention adequately to the government. Tellingly, however, he states that "[t]he only issue remaining was what were reasonable terms under the circumstances as defendant's children were going to be left without a caretaker given Esmeralda Navejar's incarceration as well." He adds, "[a]ny delay in the entry of the final plea was in the refinement of the necessary details...." These statements concede the point. Defendant had not reached a final agreement with the government until just before trial. The district court was well within its discretion in concluding that the government had not been relieved of its burden of preparing for trial and in denying defendant an additional reduction for the timeliness of his notification to authorities of his intention to enter a plea of guilty.
 
 
 19
 Defendant's second challenge is to the court's decision to depart upward to Criminal History Category VI on the ground that the lower Criminal History Category did not adequately represent the seriousness of defendant's criminal history. Because defendant did not challenge this decision at the time of sentencing, it is reviewable only for plain error. United States v. Henry, 933 F.2d 553, 558 (7th Cir.1991), cert. denied, 112 S.Ct. 1703 (1992). We find no error. First, defendant suggests that the sentencing court should not have considered his 1975 drug conviction, because the conviction "might have been expunged." He offers no proof of this and the suggestion appears unlikely in view of the fact that he was released on parole from this sentence and later had his parole revoked. Second, defendant argues that it was improper for the court to consider two prior felony drug convictions that had been set aside for technical reasons. However, the district court was entitled to consider those convictions as evidence of defendant's pattern of criminal conduct and the likelihood that he would commit more crimes. See U.S.S.G. Sec. 4A1.2, comment (n. 6); Sec. 4A1.3; United States v. Schweihs, 971 F.2d 1302, 1318 (7th Cir.1992).
 
 
 20
 In addition to challenging his sentence, Noe is joined by his wife Esmeralda in contending that the proceeding in which they entered their pleas of guilty was invalid because the district court referred mistakenly to a superseding indictment, when in fact the operative indictment was a second, more comprehensive indictment. Defendants raise this contention while at the same time maintaining that they do not wish to withdraw their pleas of guilty. Neither defendant explains how the court's inadvertent reference to a superseding indictment misled them. Neither defendant suggests that he or she did not understand the charges or did not know the terms of the indictment to which they were pleading. The kindest way to treat this argument is to pretend it was never made.
 
 Esmeralda Navejar
 
 21
 This defendant makes another argument that can be disposed of readily. She complains of the sentencing judge's failure to attach written findings addressing the factual inaccuracies she alleged in the presentence report, as required by Fed.R.Crim.P. 32(c)(3)(D). This omission has been remedied by the trial court and needs no further attention. See United States v. Villagrana, 5 F.3d 1048, 1055 (7th Cir.1993).
 
 
 22
 Defendant contends that the sentencing court erred in assessing a three-level increase in her base offense level under U.S.S.G. Sec. 3B1.1(b) for taking a managerial or supervisory role in the offense. In deciding to assess that increase, the court took into account the evidence he had heard while conducting the trial of three of defendant's co-conspirators. Defendant made no objection at the time to the court's consideration of the trial evidence, although on appeal she contends that the procedure violated her due process rights.
 
 
 23
 Defendant's initial premise is flawed. It is not a violation of due process for the sentencing court to rely on hearsay evidence, so long as the defendant has a reasonable opportunity to rebut the hearsay and it is reliable. United States v. Beal, 960 F.2d 629, 634 (7th Cir.), cert. denied, 113 S.Ct. 230 (1992). Defendant had an ample opportunity at her sentencing hearing to rebut the testimony given at trial. She took the stand and identified each statement in the presentence report to which she took exception and she gave her own version of the facts. However, her own testimony lent support to the finding that she was a manager or supervisor. She admitted she had recruited Michael Edwards and Janice Martinez; that she had brought one shipment of 100 pounds of marijuana from Texas with Martinez; that she had used an elderly woman as a companion during some of the transactions; that she had received marijuana proceeds; and that the co-conspirators had looked to her for direction when her husband was in custody. The trial testimony the court found reliable included evidence that defendant had counted the money for one load of marijuana she had brought north; that she collected money from another co-conspirator; and that she was present for meetings between her husband and some of the co-conspirators in the motel. Defendant's own admissions and the trial testimony provided ample support for the court's determination of defendant's role in the offense.
 
 
 24
 Defendant contends that her case should be remanded for resentencing in light of an amendment to guideline commentary that went into effect as of November 1, 1993. She does not explain why she might be entitled to the benefit of this commentary change when she was sentenced almost nine months before it took effect. In any event, the commentary change would not have affected her sentencing. The amendment makes it clear that a defendant can be found to be a supervisor or manager even if she did not exercise managerial or supervisory control over another participant, but exercised management responsibility over the property, assets or activities of a criminal organization. The trial court had evidence to support its finding that defendant exercised managerial control over at least one other participant, Janice Martinez; even if it had not had this evidence, it could have found defendant a manager or supervisor on the basis of her exercise of management responsibility over the conspiracy's activities.
 
 Janice Martinez
 
 25
 Defendant Martinez went to trial on the charges in the indictment and was found guilty of conspiracy to possess 100 kilograms of marijuana with intent to distribute and a second count, possession of 100 pounds of marijuana with intent to distribute. She contends that the evidence at trial was insufficient to support the jury's finding that she was a member of the conspiracy and she challenges the sentencing court's finding that she could reasonably have foreseen that the conspiracy would involve 100 kilograms of marijuana and its refusal to find her eligible for a two-level reduction for her minor role in the conspiracy.
 
 
 26
 All of defendant's challenges go to the sufficiency of the evidence. Her view of that evidence is that the government never showed she was anything more than a naive, thrill-seeking dope-smoker who fell in with a bad crowd and was in the wrong place at the wrong time. The jury disagreed with this view; it found that she was a knowing member of a conspiracy that had as its object the possession of more than 100 kilograms of marijuana with the intent to distribute it. When the evidence at trial is viewed in the light most favorable to the government, as it must be, United States v. Rosalez-Cortez, No. 93-1239, slip op. at 7 (7th Cir.1994), defendant's challenges crumble. The government presented ample evidence that defendant went along willingly and knowingly on Esmeralda Navejar's November 1991 trip to Texas to obtain a load of marijuana; that upon returning from Texas she obtained a room at the Signature Inn where she and Esmeralda Navejar called co-conspirator Derringer, who led them to his home where they delivered approximately 100 pounds of marijuana and helped him unload it; that she helped count the approximately $36,300 Derringer paid for the shipment; that she went with Esmeralda Navejar to collect money for marijuana from co-conspirator Whiteside for a previous shipment; that later in November 1991, defendant drove with the Navejars and their son to the Columbus, Indiana area where three of defendant's co-conspirators picked up a Ryder truck that contained 300 pounds of marijuana that Noe Navejar began to distribute and where defendant again obtained motel rooms for the Navejars; and that defendant accompanied Esmeralda Navejar to another motel, where Noe Navejar talked to co-conspirator Kenneth Johnson about a dope deal and showed him samples and discussed prices. When defendant was arrested, she had marijuana in her purse that she said had been given to her by Noe Navejar.
 
 
 27
 This evidence is more than sufficient to support the jury's finding of defendant's guilt, which will be upheld if any rational factfinder could have convicted defendant based on the evidence before it. United States v. Rosalez-Cortez, No. 93-1239, slip op. at 7 (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). See United States v. Burrell, 963 F.2d 976, 988 (7th Cir.1992) (explaining that presence during and performance of overt acts in furtherance of conspiracy is "material and probative" evidence of participation in conspiracy and observing that it is unlikely that "drug traffickers ... discuss or deliver large quantities of drugs in the presence of innocent bystanders"). Even if defendant is correct that she was not integral to the success of the operation, her contention is of no moment. Even "inessential" members of a common enterprise with unlawful ends are conspirators. United States v. Cerro, 775 F.2d 908, 914 (7th Cir.1985). The evidence placing defendant close by the side of the leaders of the conspiracy was sufficient to support the sentencing court's findings that defendant could have reasonably foreseen that the conspiracy would involve more than 100 kilograms of marijuana. Finally, the court's evaluation of defendant's role is supported by the evidence that defendant rented motel rooms in her own name to help avoid detection of the Navejars; helped transport 100 pounds of marijuana; helped collect the money for the shipment; and was present for negotiations over the sale of portions of another 300 pound shipment. United States v. Pitz, 2 F.3d 723, 732 (7th Cir.1993). It was not clearly erroneous for the court to conclude that defendant's role in the offense was neither minor nor minimal. See United States v. Osborne, 931 F.2d 1139, 1159 (7th Cir.1991) (downward adjustment for minor or minimal participant status available only when defendant substantially less culpable than most other members of conspiracy).
 
 Jimmie Mohr
 
 28
 Defendant Mohr contends that the evidence adduced at his trial was insufficient to show either the existence of a single conspiracy or his involvement in that conspiracy. However, a review of the evidence shows that he had a closer connection to the conspiracy than he admits. On two separate occasions, he allowed Noe Navejar and John Whiteside (an indicted co-conspirator not involved in this appeal) to store over 100 pounds of marijuana in his garage. He knew that Whiteside and Noe Navejar had an on-going drug dealing relationship. In November 1992, defendant helped Navejar load approximately 67 pounds of marijuana into a vehicle for delivery, leaving about 200 pounds of marijuana in defendant's garage. He admitted to law enforcement officers when he was arrested that he had been involved in storing marijuana in September and again in November. In addition, before the period of the charged conspiracy, defendant had accompanied Whiteside when he was delivering marijuana and collecting the proceeds from prior sales. Whiteside had introduced him to Noe Navejar and took defendant along on one trip to Texas when Whiteside delivered proceeds from marijuana sales to Navejar. Although this conduct took place outside the period charged in the conspiracy, it can be taken into account to show defendant's understanding of what Whiteside and Noe Navejar were doing with the large quantities of marijuana they were storing in his garage. This evidence was sufficient to support the jury's finding that defendant had agreed to store the marijuana in furtherance of the conspiracy rather than as a favor for his friend Whiteside that was unconnected to the conspiracy. See United States v. Gutierrez, 978 F.2d 1463, 1469 (7th Cir.1992) (even single act may suffice to prove agreement to join conspiracy if inference may be drawn that act was "intended to advance the ends of the conspiracy") (quoting United States v. Diaz, 876 F.2d 1344, 1352 (7th Cir.1989)). The jury was entitled to believe that defendant knew about the conspiracy, wanted to see it succeed and was helping it to succeed, see Burrell, 963 F.2d at 989 (important factors in proving conspiracy are knowledge, mutual responsibility and cooperation) and that defendant's involvement was part of the same conspiracy charged in the indictment. See United States v. Townsend, 924 F.2d 1385, 1389 (7th Cir.1991) (to prove existence of single conspiracy, government need not disprove every conceivable hypothesis of multiple conspiracies).
 
 
 29
 The convictions of Jimmie J. Mohr and Janice S. Martinez and the sentences of Martinez, Michael W. Edwards, Terry C. Johnson, Noe Navejar, and Esmeralda Navejar are
 
 
 30
 AFFIRMED.
 
 
 
 [1]
 The Hon. Barbara B. Crabb, Chief Judge for the Western District of Wisconsin, is sitting by designation