**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jose Alberto MUNOZ, Defendant–Appellant.**

**No. 91–7018.**

United States Court of Appeals, Tenth Circuit.

Oct. 7, 1991.

Mark Green of Green and Green, Muskogee, Okl., on briefs, for defendant-appellant.

John Raley, U.S. Atty., Sheldon J. Sperling, Asst. U.S. Atty., Muskogee, Okl., Richard A. Friedman, Atty., Dept. of Justice, Washington, D.C., on briefs, for plaintiff-appellee.

Before BALDOCK and EBEL, Circuit Judges, and ANDERSON, District Judge.**

**BALDOCK, Circuit Judge.**

Defendant-appellant Jose Alberto Munoz pled guilty to one count of conspiracy to distribute cocaine and to possess cocaine with intent to distribute, 21 U.S.C. § 846. The district court, applying the Sentencing Guidelines, sentenced defendant to 210 months imprisonment. Defendant appeals, contending that the district court abused its discretion in refusing to grant the government's § 5K1.1 motion recommending a downward departure for substantial assistance. *See* U.S.S.G. § 5K1.1 (Nov. 1990). We dismiss the appeal for lack of jurisdiction.

Section 5K1.1 provides that "[u]pon motion of the government stating that the defendant has made a good faith effort to provide substantial assistance in the investigation or prosecution of another person who has committed an offense, the court *may* depart from the guidelines." (emphasis supplied). This language clearly states that the district court's decision to depart is discretionary, and we repeatedly have held that we do not have jurisdiction to review a district court's discretionary refusal to depart downward from the guidelines. *See e.g., United States v. Soto,* 918 F.2d 882, 883 (10th Cir.1990); *United States v. Davis,* 900 F.2d 1524, 1528–30 (10th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 155, 112 L.Ed.2d 121 (1990). The government's § 5K1.1 motion recommending downward departure does not alter this jurisdictional rule, for the ultimate decision of whether to depart rests in the sound discretion of the district court. *See United States v. Richardson,* 939 F.2d 135, 139–140 (4th Cir.1991) (§ 5K1.1 substantial assistance departure is discretionary); *United States v. Damer,* 910 F.2d 1239, 1240–41 (5th Cir.) (per curium) (same), *cert. denied,* —— U.S. ——, 111 S.Ct. 535, 112 L.Ed.2d 545 (1990). *See also United States v. Hayes,* 939 F.2d 509, 511–13 (7th Cir.1991) (interpreting 18 U.S.C. § 3553(e), citing *Damer*).

Pursuant to 18 U.S.C. § 3742, we may review a sentence which is (1) imposed in violation of law, (2) based on an incorrect application of the Guidelines, (3) imposed outside the applicable guideline range and plainly unreasonable or (4) imposed for an

** Honorable Aldon J. Anderson, Senior United States District Judge for the District of Utah, sitting by designation.

offense which is not addressed by the guidelines and plainly unreasonable. Defendant does not seek review under any of these jurisdictional bases. Instead, he urges us to review for an abuse of discretion the district court's refusal to depart downward. Because we lack jurisdiction to engage in this type of review, we must dismiss the appeal.

SO ORDERED.