76 F.3d 394
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Danny Ray RICHARDSON, Defendant-Appellant.
 No. 95-7009.
 United States Court of Appeals, Tenth Circuit.
 Jan. 30, 1996.
 
 ORDER AND JUDGMENT[1]
 Before BALDOCK, HENRY, and LUCERO, Circuit Judges.[2]
 BALDOCK, Circuit Judge.
 
 
 1
 An Eastern District of Oklahoma grand jury indicted Defendant Danny Ray Richardson and two co-conspirators on one count of conspiring to possess with intent to distribute cocaine, 21 U.S.C. 846. Defendant pleaded guilty. The presentence report calculated a guideline sentencing range for Defendant of 324 to 405 months imprisonment. At sentencing, Defendant requested the court depart downward from the guideline range because he: (1) received a disparate (much greater) sentence than one of his co-conspirators; (2) had a learning disability; (3) had pending state charges that could result in a consecutive sentence; and (4) cooperated with the government. The district court refused to depart downward, however, and sentenced Defendant to 324 months imprisonment. This appeal followed.
 
 
 2
 On appeal, Defendant maintains the district court erred in refusing to depart downward from the guideline range. Defendant contends the record reflects that the district court was not aware it had the discretionary authority to depart downward, and would have departed downward had it known of its authority. The government responds that the court was clearly aware of its discretionary authority to depart and simply declined to do so. As a result, the government asserts we lack jurisdiction to review the district court's decision.
 
 
 3
 "A discretionary refusal to depart downward is not reviewable by this court unless it appears from the record the sentencing court erroneously believed the Guidelines did not permit a downward departure." United States v. Nelson, 54 F.3d 1540, 1544 (10th Cir.1995); see also United States v. Munoz, 946 F.2d 729, 730 (10th Cir.1991) ("[W]e do not have jurisdiction to review a district court's discretionary refusal to depart downward from the guidelines."). "If the record is ambiguous concerning the district court's awareness of its discretion to depart downward, we presume the court was aware of its authority." Nelson, 54 F.3d at 1544.
 
 
 4
 Accordingly, unless the judge's language unambiguously states that the judge does not believe he has authority to downward depart, we will not review his decision. Absent such a misunderstanding on the sentencing judge's part, illegality, or an incorrect application of the guidelines, we will not review the denial of a downward departure.
 
 
 5
 United States v. Rodriquez, 30 F.3d 1318, 1319 (10th Cir.1994).
 
 
 6
 Based on our review of the record, we conclude the district court was aware of its discretionary authority to depart downward and simply exercised its discretion not to depart in the instant case. During the sentencing hearing, the district court at first made some comments that when considered out of context, would appear to indicate it was not aware of its discretionary authority to depart:
 
 
 7
 Well, I just don't have any authority to depart under [U.S.S.G. ] 5(k)(2), as you suggest. If I did it, we would just be back here doing it again, and with a directive from the Circuit Court not to do that. I've got the authority to consider these items you point out here to sentence at the bottom of the guidelines or something like that, if I want to, but I just don't have the authority to depart.
 
 
 8
 In the context of the entire sentencing record, however, it is clear the district court did not indicate it was unaware of its departure authority, but, instead, simply expressed that the sentencing guidelines did not authorize a departure in this case based on the factors proffered by Defendant. Indeed, later in the sentencing hearing, the district court unambiguously acknowledged its authority to depart downward, and gave its reasons for refusing to depart:
 
 
 9
 The Court recognizes its authority to depart [downward] from the sentencing range called for by application of the guidelines, and I have considered the factors proposed by you for the purpose of departure. As for each, or by any combination thereof, I cannot find that there exists a mitigating circumstance of a kind or to a degree not adequately taken into consideration by the Sentencing Commission formulating the guidelines applied in your case.
 
 
 10
 Accordingly, we conclude that the district court was aware of its discretionary authority to depart, and simply declined to depart downward in the instant case. Under the settled law of this circuit, we lack jurisdiction to review the district court's discretionary refusal to depart downward. Nelson, 54 F.3d at 1544; Munoz, 946 F.2d at 730.
 
 
 11
 DISMISSED for lack of jurisdiction.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without oral argument