**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 24 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOSE ALBERTO MUNOZ,

Defendant-Appellant.

Nos. 96-7121 & 97-7047
(D.C. Nos. CV-95-196-B &
90-CR-46-1-S)
(E.D. Okla.)

ORDER AND JUDGMENT[*]

Before KELLY, McKAY, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cases are therefore ordered submitted without oral argument.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Jose Alberto Munoz appeals the district court's order denying his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence and conviction. We affirm.[1]

The parties are familiar with the underlying facts; therefore, we do not recite them here. On appeal, defendant alleges that the civil forfeiture of two automobiles in which he had a possessory interest constituted double punishment in violation of the Double Jeopardy Clause. He also claims he received ineffective assistance of counsel in the entry of his guilty plea because he had been advised that he would receive a sentence substantially shorter than the one imposed. He further maintains that his appellate counsel was ineffective and the district court erred in failing to hold a hearing on his § 2255 motion.

Defendant did not raise these arguments in his direct appeal. See United States v. Munoz, 946 F.2d 729 (10th Cir. 1991). Claims not brought on direct appeal are barred absent a showing of cause and prejudice. See United States v. Walling, 982 F.2d 447, 448-49 (10th Cir. 1992). The district court addressed the double jeopardy claim on the ground that cause can be shown by an intervening

---

[1]    The § 2255 motion was filed before the effective date of the Antiterrorism and Effective Death Penalty Act. Therefore, a certificate of appealability is not required. See United States v. Kunzman, 125 F.3d 1363, 1364 n.2 (10th Cir. 1997).

change in the law, citing Worthen v. Kaiser, 952 F.2d 1266, 1268 (10th Cir. 1992). The case of United States v. Ursery, 116 S. Ct. 2135 (1996), decided after defendant's direct criminal appeal, held that civil forfeitures do not constitute punishment for double jeopardy purposes. See id. at 2149. Therefore, to the extent a change in the law permitted collateral review of this claim, the Supreme Court has resolved the issue against defendant.

Defendant's claim of ineffective assistance of counsel is reviewable in collateral proceedings. See United States v. Galloway, 56 F.3d 1239, 1240, 1242 (10th Cir. 1995) (en banc). Defendant must establish that counsel's representation was objectively unreasonable and that counsel's performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687 (1984). To show prejudice in a guilty plea claim, the defendant must demonstrate that he would not have pleaded guilty and would have insisted on a trial, but for counsel's unprofessional errors. See Lasiter v. Thomas, 89 F.3d 699, 703 (10th Cir.), cert. denied, 117 S. Ct. 493 (1996).

Defendant's statements made on the record belie his allegation that he was promised a shorter sentence than the one imposed. The district judge clearly stated the sentencing range and explained that the length of the sentence would be determined solely by the judge, who was authorized to impose any sentence

within the sentencing range.  See II R. 12, 17-18.  Defendant stated that no one had made any promises to the contrary.  See id. at 17-18.

Defendant has provided no evidence except his own statement that he was promised a shorter sentence.  Under the circumstances, he is "bound by his 'solemn declarations in open court.'"  Lasiter, 89 F.3d at 703 (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)).  Moreover, even if defendant's attorney had erroneously estimated the sentence defendant could receive, counsel's error did not constitute a constitutionally deficient performance rendering his assistance ineffective.  See United States v. Gordon, 4 F.3d 1567, 1570 (10th Cir. 1993).  In addition, the district court cured any defect in counsel's incorrect sentence prediction by informing defendant on the record of the correct sentencing range.  See Lasiter, 89 F.3d at 703.  Accordingly, defendant has failed to demonstrate ineffective assistance of trial counsel.

We do not consider defendant's claim of ineffective assistance of appellate counsel because it was not argued to the district court.[2]  See Rademacher v. Colorado Ass'n of Soil Conservation Dists. Med. Benefits Plan, 11 F.3d 1567, 1571 (10th Cir. 1993).  Finally, because it is clear from the record that defendant

---

[2]    The record does not reflect that the "Second Supplemental for Writ of Habeas Corpus," attached to defendant's appellate brief, was filed in the district court.  It should be apparent from our resolution of this appeal and defendant's direct criminal appeal, however, that appellate counsel was not ineffective.

is entitled to no relief, the district court was not required to hold an evidentiary hearing. See United States v. Simmonds, 111 F.3d 737, 746 (10th Cir. 1997).

Appeal No. 97-7047

Defendant appeals the district court's order denying his motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). His argument is foreclosed by United States v. Avila, 997 F.2d 767, 768 (10th Cir. 1993) (holding amendment to U.S.S.G. § 3E1.1 not retroactive so not basis for sentence reduction).

Defendant's motion to expedite appeal is denied as moot. The judgments of the United States District Court for the Eastern District of Oklahoma are AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge