UNITED STATES of America, Plaintiff–Appellee,

v.

Charles Lee FRANKS, Sr., Defendant–Appellant.

No. 94–50302
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Feb. 15, 1995.

---

Charles Lee Franks, Sr., pro se.

Gary J. Cohen, Austin, TX, for appellant.

Richard L. Durbin, Jr., Asst. U.S. Atty., Mark R. Stelmach, James H. DeAtley, Acting U.S. Atty., San Antonio, TX, for appellee.

Before KING, JOLLY, and DeMOSS, Circuit Judges.

PER CURIAM:

Charles Lee Franks, Sr., pleaded guilty to a three-count bill of information charging as follows: 1) for possession with intent to distribute marijuana, 21 U.S.C. § 841(a)(1); for being a felon in possession of a firearm, 18

U.S.C. § 922(g)(1); and for money laundering, 18 U.S.C. § 1956(a)(1)(B). Franks filed no objections to the Presentence Investigations Report ("PSR") prior to sentencing. At sentencing, Franks contended that he should receive a three-level reduction for acceptance of responsibility, as well as a downward adjustment pursuant to the government's § 5K1.1 motion. The district court denied the § 5K1.1 motion, adopted the PSR's recommendation against a three-level reduction for acceptance of responsibility, and sentenced Franks to concurrent sentences of 60 months on Count One, 120 months on Count Two, 188 months on Count Three, and to a three-year term of supervised release. Franks timely noticed his appeal.

I

In addition to raising the § 5K1.1 and acceptance-of-responsibility issues, Franks contends for the first time on appeal that the PSR mistakenly assigned him a base offense level of 23 on the money-laundering count. Franks argues that the sentencing guidelines assign a base offense level of 20 to a violation of 18 U.S.C. § 1956(a)(1)(B), the section of § 1956 to which he pleaded guilty. *Id.;* § 2S1.1(a)(2). Franks also asserts for the first time on appeal that the PSR misapplied § 3D1.4 in determining the appropriate combined offense level.

■ It is elementary that parties are required to challenge errors in the district court. When a defendant in a criminal case has forfeited an error by failing to object, this court may remedy the error only in the most exceptional case. *U.S. v. Rodriguez,* 15 F.3d 408, 414 (5th Cir.1994). The Supreme Court has directed the courts of appeals to determine whether a case is exceptional by using a two-part analysis. *U.S. v. Olano,* ——— U.S. ———, ——— – ———, 113 S.Ct. 1770, 1777–79, 123 L.Ed.2d 508 (1993).

■ First, an appellant who raises an issue for the first time on appeal has the burden to show that there is actually an error, that it is plain ("clear" or "obvious"), and that it affects substantial rights. *Id.* at ——— – ———, 113 S.Ct. at 1777–78.; *Rodri-*

*guez,* 15 F.3d at 414–15; Fed.R.Crim.P. 52(b). This Court lacks the authority to relieve an appellant of this burden. *Olano,* ——— U.S. at ———, 113 S.Ct. at 1781.

■ Second, the Supreme Court has directed that, even when the appellant carries his burden, "Rule 52(b) is permissive, not mandatory. If the forfeited error is 'plain' and 'affect[s] substantial rights,' the Court of Appeals has authority to order correction, but is not required to do so." *Olano,* ——— U.S. at ———, 113 S.Ct. at 1778 (quoting Fed. R.Crim.P. 52(b)). As the Court stated in *Olano:*

> the standard that should guide the exercise of [this] remedial discretion under Rule 52(b) was articulated in *United States v. Atkinson,* [297 U.S. 157, 56 S.Ct. 391, 80 L.Ed. 555 (1936) ]. The Court of Appeals should correct a plain forfeited error affecting substantial rights if the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'

*Olano,* ——— U.S. at ———, 113 S.Ct. at 1779 (quoting *Atkinson,* 297 U.S. at 160, 56 S.Ct. at 392). Thus, this Court's discretion to correct an error pursuant to Rule 52(b) is narrow. *Rodriguez,* 15 F.3d at 416–17.

■ The errors in this case are clear and obvious. The probation office applied the wrong section of the guidelines in assigning the base offense level for the money-laundering count. PSR, ¶ 42. The PSR also misapplied the grouping provision of § 3D1.4 in calculating Franks's combined offense level. *Id.* at ¶¶ 53–55. The district court adopted the PSR's application of the guidelines without correction.

Furthermore, without explanation, the PSR used the 1992 edition of the guidelines, even though Franks was sentenced on April 28, 1994, while the 1993 edition was applicable. *See* R. 2, 36; PSR ¶ 29; 18 U.S.C. § 3553(a)(4); § 1B1.11(a), p.s. (Nov.1993). The discrepancy is not significant, however, because the sections of the guidelines used in sentencing Franks did not change between 1992 and 1993.

Section 2S1.1(a) states that for a money-laundering offense, 23 shall be the base offense level for a defendant convicted under

18 U.S.C. § 1956(a)(1)(A), (a)(2)(A), or (a)(3)(A). § 2S1.1(a). For any other violation of § 1956, the base offense level is 20. *Id.* Franks pleaded guilty in Count Three to a violation of § 1956(a)(1)(B), thereby warranting an offense level of 20. § 2S1.1(a). In applying § 2S1.1(a) to its calculation of Franks's offense level, however, the probation office instead used a violation of "§ 1956(a)(1)" and recommended an offense level of 23. PSR ¶ 42. Franks does not contest a three-level increase for his knowledge that the funds were the proceeds of an unlawful activity involving the manufacture of controlled substances, nor does he contest a four-level increase for his leadership role in the offense. He simply contends that his total offense level on Count Three should have been 27, instead of 30.

The probation office also clearly misapplied § 3D1.4 in its calculation of Franks's combined offense level. Section 3D1.4 provides the method for determining the combined offense level for multiple counts involving different groups. The guidelines direct the district court to determine the offense level for the group having the highest offense level and to increase that level in some instances depending upon the offense level of the other nonrelated groups involved. § 3D1.4.

The money-laundering charge produced the highest offense level of the three charges to which Franks pleaded guilty. The correct base offense level for the money-laundering offense was 20. *See* § 2S1.1(a)(2). Adding the undisputed four-level increase for Franks's leadership role and the three-level increase for his knowledge that the funds were the proceeds of the unlawful manufacture of controlled substances, Franks's total offense level on the money-laundering count should have been 27. The offense level on both the possession-with-intent-to-distribute count and the felon-in-possession-of-a firearm count was 16, which is eleven levels less than the total offense level of 27 for the money-laundering count. PSR ¶¶ 35, 41. Section 3D1.4 directs the court to "[d]isregard any Group that is 9 or more levels less serious than the Group with the highest offense level. Such Groups will not increase the appli-

cable offense level but may provide a reason for sentencing at the higher end of the sentencing range for the applicable offense level." § 3D1.4(c). Because the offense levels on Franks's other two counts were more than nine levels less serious than on the money-laundering count, the guidelines dictate no increase in his combined offense level. *See id.* The PSR was therefore in error in increasing Franks's combined offense level by increasing by one unit under § 3D1.4(a). *See* PSR ¶¶ 49–55.

Absent these two errors, Franks's total offense level would have been 27 instead of 31, substantially affecting Franks's sentence. Combining a total offense level of 27 instead of 31, with his criminal history category of IV, the applicable guidelines range would have been 100–125 months instead of 151–188 months. Ch. 5, Pt. A, Sentencing Table. Franks thus seems to have received a prison sentence at least 63 months longer than he could have received had the PSR been correct. *See id.* Because Franks erroneously and mistakenly received a substantially longer sentence under the guidelines than he should have received, the fairness and integrity of the judicial proceeding was seriously affected. *See Atkinson,* 297 U.S. at 160, 56 S.Ct. at 392. The prerequisites to the exercise of this Court's discretion under the plain-error standard therefore have been satisfied. *See Rodriguez,* 15 F.3d at 415–16. Furthermore, the government concedes that the PSR was in error, that the district court erred in adopting the PSR, and that the case should be "remanded to the district court for resentencing at the correct combined offense level." We will therefore recognize plain error on this point and remand case for resentencing in the light of the error discussed above.

## II

■ Franks also argues that the district court erred in refusing to reduce his offense level by three for acceptance of responsibility. The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility, and that determination must be afforded "great deference" on review. § 3E1.1, comment. (n.5). We have

applied various standards: (1) "clearly erroneous," (2) "without foundation," and (3) "great deference." *U.S. v. Cartwright,* 6 F.3d 294, 304 (5th Cir.1993) (citations omitted), *cert. denied,* —— U.S. ——, 115 S.Ct. 671, 130 L.Ed.2d 604 (1994). Although the Court has not "ultimately defined what standard applies in reviewing a district court's refusal to credit acceptance of responsibility . . . [t]here appears to be no practical difference between the three standards." *Id.*

One factor the guidelines direct a sentencing court to consider in determining whether to reduce a defendant's offense level for acceptance of responsibility is whether the defendant withdrew from criminal conduct after being charged in the pending offense. § 3E1.1, comment. (n. 1(b)). Approximately one year after Franks was released on bond pending the disposition of this case, U.S. Marshals went to Franks's home in search of his son. After obtaining consent to search the home, they found evidence that suggested Franks had continued to engage in unlawful conduct while free on bond. PSR, ¶ 27. Specifically, the marshals found a large quantity of ammunition as well as a small amount of marijuana in Franks's house. The district court adopted the PSR's conclusion that this indicated that Franks had not voluntarily withdrawn from criminal conduct. The court therefore adopted the PSR's recommendation that Franks did not merit the three-level reduction. Franks has failed to show that the district court's determination was either clearly erroneous or without foundation.

Franks also contends that the district court erred in denying the government's § 5K1.1 motion to reduce his sentence. A district court is not required to depart downward because the government files a § 5K1.1 motion. *U.S. v. Damer,* 910 F.2d 1239, 1240–41 (5th Cir.), *cert. denied,* 498 U.S. 991, 111 S.Ct. 535, 112 L.Ed.2d 545 (1990). "[T]he language of 5K1.1 is replete with permissive rather than mandatory language." *Id.* at 1240. Section 5K1.1 states:

> Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court *may* depart from the guidelines.

(Emphasis added).

The decision whether to grant a § 5K1.1 motion is committed to the discretion of the sentencing court. *U.S. v. Miro,* 29 F.3d 194, 198 (5th Cir.1994). So long as the district court does not violate any law in refusing to depart downwardly, this court will affirm the sentencing court's determination. *Id.* at 199. Based on Franks's past record and on the aforementioned discovery of ammunition and marijuana at Franks's house subsequent to the pending charges, the district court denied the motion. The district court neither violated the law nor abused its discretion in refusing to grant the government's § 5K1.1 motion for departure. *See Miro,* 29 F.3d at 198–99; *Damer,* 910 F.2d at 1241.

### III

In conclusion, we hold that the district court's determinations denying reductions in Franks's sentence based on acceptance of responsibility and on the government's § 5K1.1 motion were neither clearly erroneous nor an abuse of discretion, respectively. Because, however, the court's incorrect application of guidelines provisions in calculating Franks's offense level resulted in plain error that must be corrected, the case is remanded for resentencing so that the court may impose a sentence in accordance with the appropriate guidelines provisions and not inconsistent with this opinion.

AFFIRMED in part, REVERSED in part and REMANDED.