**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 95-40735
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

ANTHONY VIRGILI,

Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Texas

(CR-C-94-133)

May 8, 1996

Before REYNALDO G. GARZA, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

Anthony Virgili ("Virgili") appeals his sentence for conspiracy to possess with the intent to distribute over 100 kilograms of marijuana. Virgili raises two issues in this appeal. First, whether the district court should have *sua sponte* recused itself because of its supposed lack of impartiality. Second, whether the district court abused its discretion in refusing to

_____

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

grant the government's motion to reduce Virgili's offense level pursuant to U.S.S.G. § 5K1.1. After reviewing the record and the briefs, we find no error. We therefore AFFIRM Virgili's sentence.

Virgili's first argument is that the district court should have recused itself because of what he perceived to be its lack of impartiality. Virgili did not move for recusal in the district court. Therefore, to the extent that we have the power to review this issue,[1] we review only for plain error. Reversal for plain error requires a showing of "particularly egregious errors" resulting in a "miscarriage of justice." *See United States v. Young*, 470 U.S. 1, 15 (1985). Our review of the record detects no such error in this case.

Virgili also argues that the district court erred by denying the government's U.S.S.G. § 5K1.1 motion for a downward departure based on Virgili's substantial cooperation with the government. Virgili contends that the district court erred in substituting its judgment on whether Virgili substantially cooperated for the prosecutor's judgment. The district court, however, is not required to depart downward because the government files a § 5K1.1 motion. *United States v. Franks*, 46 F.3d 402, 406 (5th Cir. 1995). Rather, the decision whether to grant such a motion is committed to the discretion of the sentencing court. *Id.* So long as the district court does not violate any law in refusing to depart downwardly, this Court will affirm its determination. *Id.* Our

---

[1]This Court has suggested that a recusal motion is waived on appeal unless it is first brought before the trial court. *See United States v. York*, 888 F.2d 1050, 1055-56 (5th Cir. 1989). Other courts, however, will review a recusal motion first filed on appeal for plain error. *See, e.g.*, United States v. Schreiber, 599 F.2d 534, 535-36 (3d Cir.), *cert. denied*, 444 U.S. 843 (1979). We do not need to resolve this issue in this case, however, because Virgili had not established plain error in this case. *See York*, 888 F.2d at 1056 (refusing to resolve the issue because York, the defendant, did not establish plain error.").

review of the record reveals that the district court did not abuse its discretion or violate any law in refusing to depart downwardly. The information that Virgili provided the government was of "limited" help, and the government did not believe that the information was enough for it to prevail in trial against other suspected criminals.  We therefore AFFIRM the district court's denial of the government's 5K1.1 motion.

AFFIRMED.