IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50565
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEMETRIO LOPEZ-LOPEZ, also known as Rambo,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. DR-98-CR-375-2
--------------------
June 13, 2001

Before WIENER, DEMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Demetrio Lopez-Lopez (Lopez) pleaded guilty to transporting illegal aliens within the United States and aiding and abetting in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) & 18 U.S.C. § 2. Lopez argues on appeal that the district court erred when it denied him a downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1.

Whether a defendant has sufficiently demonstrated acceptance of responsibility is a factual question, and the standard of review is even more deferential than clear error. See United

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

States v. Spires, 79 F.3d 464, 467 (5th Cir. 1996). In the absence of rebuttal evidence, the district court may adopt factual findings and conclusions in the presentence investigation report (PSR) to resolve issues in dispute. See United States v. Ayala, 47 F.3d 688, 690 (5th Cir. 1995).

The PSR recommended denial of a downward adjustment for acceptance of responsibility because Lopez maintained through his statements to investigation agents and to the probation officer that he was not involved in any alien smuggling. The district court at sentencing heard and considered Lopez' argument, and also allowed him to be questioned by his attorney. Lopez asserted that he was accepting responsibility for transporting illegal aliens, but that he was not responsible for smuggling 126 aliens.

The record reflects that the district judge considered the positions of both parties and chose to adopt the PSR. We owe deference to the sentencing court, and based on the record, the denial of a downward adjustment for acceptance of responsibility was not clearly erroneous. See United States v. Franks, 46 F.3d 402, 405 (5th Cir. 1995); § 3E1.1, comment. (n.5).

AFFIRMED.