**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

JACKIE DENISE CURETON, a/k/a Jackie
Cureton Little,
            *Defendant-Appellant.*

No. 02-4134

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Richard L. Voorhees, District Judge.
(CR-00-180-V)

Submitted: December 3, 2002

Decided: December 19, 2002

Before NIEMEYER and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Danielle Bess Obiroah, MASON-WATSON, OBIROAH & SINGLE-TARY, P.C., Charlotte, North Carolina, for Appellant. Kenneth Michel Smith, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

---

## OPINION

PER CURIAM:

Jackie Denise Cureton appeals the district court's order sentencing
her to thirty months imprisonment following her guilty plea to two
counts of uttering forged securities in violation of 18 U.S.C. § 513(a)
(2000), and two counts of making false statements in violation of 18
U.S.C. §§ 1001, 1014 (2000).

Cureton's counsel has filed a brief pursuant to *Anders v. Califor-
nia*, 386 U.S. 738 (1967), in which she states there are no meritorious
issues on which to base an appeal, but asserts Cureton's desire to
challenge the district court's refusal to award her an adjustment for
acceptance of responsibility. Cureton was advised of her right to file
a pro se brief, but she did not do so.

We review a sentencing court's evaluation of acceptance of respon-
sibility under the clearly erroneous standard. *United States v. Ruhe*,
191 F.3d 376, 388 (4th Cir. 1999). After receiving testimony at the
sentencing hearing, the district court concluded that Cureton had con-
tinued to engage in criminal activity after her guilty plea. Continuing
criminal activity is the antithesis of acceptance of responsibility and
is an appropriate consideration in the denial of credit for the same
within the scope of the sentencing guidelines. *See United States v.
Franks*, 46 F.3d 402, 406 (5th Cir. 1995); *United States v. Panadero*,
7 F.3d 691, 694 (7th Cir. 1993).

Our review of the record discloses substantial evidence on which
the district court could properly base its conclusion. Furthermore, we
have examined the entire record in this case in accordance with the
requirements of *Anders* and find no meritorious issues for appeal.
Accordingly, we affirm the judgment of the district court.

This court requires that counsel inform her client, in writing, of her
right to petition the Supreme Court of the United States for further

review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*