**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**02-40213**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**JESUS ARIAS-DOMINGUEZ,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Southern District of Texas**
**(L-01-CR-994-ALL)**

_____
November 12, 2002

Before DAVIS and BARKSDALE, Circuit Judges, and AFRICK, District Judge[*].

PER CURIAM:[**]

This appeal challenges an enhanced sentence imposed under the 2001 amendment to Sentencing Guidelines § 2L1.2(b)(1)(A)(vii) (16-level enhancement to offense level if defendant previously deported for alien smuggling for profit). Primarily at issue is whether, in enhancing Jesus Arias-Dominguez's (Arias) sentence under the Guideline, the district court committed reversible plain error by

_____

[*]District Judge of the Eastern District of Louisiana, sitting by designation.

[**]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should *not* be published and is *not* precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

concluding that Arias' prior conviction was for an offense *committed for profit*. **AFFIRMED**.

## I.

In August 2001, Arias pleaded guilty to one count of illegally reentering the United States subsequent to deportation following a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2). In January 2002, he was sentenced, *inter alia*, to 41 months' imprisonment. Pursuant to Guidelines § 2L1.2(b)(1)(A)(vii), as amended in November 2001, the district court increased Arias' offense level by 16 due to his having been earlier deported (in 1999) for transporting aliens in violation of 8 U.S.C. 1324(a)(1)(A)(ii).

As discussed *infra*, in dispute is whether the record at the sentencing hearing showed that the earlier transporting offense was committed for profit. In any event, the district court adopted the recommendation in the Presentence Investigation Report (instant PSR) that the 16-level increase be imposed. As also discussed *infra*, the instant PSR did not state that the prior offense was committed for profit.

## II.

Arias challenges only his sentence. First, he claims reversible error because the enhancement was imposed in the absence of evidence that his prior transporting offense was committed for profit. Second, he belatedly contends (in his reply brief) that

2

transporting aliens is not an "alien smuggling offense" under the Guidelines. Usually, when a sentence is challenged on appeal, the district court's findings of fact are reviewed only for clear error; its application of the guidelines, *de novo*. *E.g., **United States v. Cervantes-Nava***, 281 F.3d 501, 506 (5th Cir.), *cert. denied*, 122 S. Ct. 2379 (2002). Here, however, as discussed below, we review the first — "for-profit" — issue under the far more restrictive plain error standard. We decline to reach the second — "alien smuggling" — issue.

## A.

Guidelines § 2L1.2(b)(1)(A)(vii) provides for a 16-level enhancement for a prior alien smuggling offense only when it was committed "for profit" – "payment or expectation of payment". U.S.S.G. § 2L1.2, cmt. n.1(B)(i)(2001). Arias raises the "for-profit" issue for the first time on appeal.

The district court ruled that Arias was subject to the 16-level enhancement based upon the instant PSR's recommendation. Arias made no "not-for-profit" objection to the portion of the PSR recommending the 16-level enhancement; nor did he object to the Government's statement during the sentencing hearing that the prior offense *was committed for profit*.

Accordingly, we review only for plain error. *See, e.g., **United States v. Meshack***, 225 F.3d 556, 575 (5th Cir. 2000), *cert. denied*, 531 U.S. 1100 (2001). Arias must show a clear or obvious

error that affects his substantial rights. *E.g., **United States v. Franks***, 46 F.3d 402, 404 (5th Cir. 1995). Even if he does so, we have discretion whether to correct the plain error; generally, it will not be corrected unless it "'*seriously affect[s]* the fairness, integrity or public reputation of judicial proceedings'". *Id*. at 404 (emphasis added; quoting ***United States v. Olano***, 507 U.S. 725, 736 (1993)).

Arias contends that the district court had no evidence before it concerning the for-profit nature of his prior conviction. Relevant to this contention is the fact that the sentencing hearing on 18 January 2002 also involved revocation of Arias' supervised release from his prior conviction. (For the latter, the district court imposed three months' imprisonment.) The Government maintains that, for the revocation, the district court had before it Arias' PSR for his prior, transporting conviction (earlier PSR).

That earlier PSR states that the transporting offense was committed for profit. Arias counters that, as reflected in the docket sheet for the revocation, only three items from the prior conviction were before the district judge — the docket sheet, indictment, and judgment. They do not show the prior offense was committed for profit. Moreover, as noted, Arias had been convicted under 8 U.S.C. § 1324 (a)(1)(A)(ii); he was not convicted of transporting aliens "for the purpose of ... financial gain", as he could have been under 8 U.S.C. § 1324 (a)(1)(B)(i).

4

In short, we do not know whether the earlier PSR was before the district judge. The Government's motion to supplement the record on appeal with both the record and PSR from the prior conviction is **GRANTED** for our use in reviewing for plain error.

As noted, during the sentencing hearing, when the Government stated that, for the prior conviction, Arias had transported aliens for profit, Arias did not object. Nevertheless, Arias contends that the Government's unsworn assertion of facts does not meet its burden of establishing that the prior offense was committed for profit. *See **United States v. Patterson***, 962 F.2d 409, 415 (5th Cir. 1992).

Arias fails, however, to factor in our extremely limited standard of review for this issue — plain error. Again, when the Government made that statement, Arias did *not* object. Based on this record, including the description in the instant PSR of the facts surrounding the prior conviction (including that Arias had guided a group of aliens into, and was traveling with them in, the United States), the enhancement does not constitute error that was "clear" or "obvious".

In any event, even if there were clear or obvious error that affected Arias' rights, we would decline, in our discretion, to hold there was reversible error because, in the light of both the record and PSR for the prior conviction, the transporting offense *was "for profit"*. Therefore, upholding the sentence does *not*

5

"seriously affect the fairness, integrity or public reputation of judicial proceedings".

Arias also insists the underlying facts of his prior conviction may not be used by the district court when determining the applicability of § 2L1.2(b)(1)(A)(vii). He notes that, with regard to enhancements pursuant to Guidelines § 4B1.2 (concerning career offenders), a sentencing court's inquiry is limited to the conduct alleged in the prior indictment. *United States v. Gaitan*, 954 F.2d 1005, 1009-11 (5th Cir. 1992); *United States v. Fitzhugh*, 954 F.2d 253, 254-55 (5th Cir. 1992), *cert. denied*, 510 U.S. 895 (1993). Importantly, however, the commentary to § 4B1.2 imposed such a limitation; there is none in § 2L1.2. *See Gaitan*, 954 F.2d at 1009-11; *Fitzhugh*, 954 F.2d at 254-55.

Arias also relies on *United States v. Zavala-Sustaita*, 214 F.3d 601 (5th Cir.), *cert. denied*, 531 U.S. 982 (2000). At issue was whether a violation of a state statute constituted an "aggravated felony" for the purposes of § 2L1.2 (pre-2001 amendment). Our court held: "In making this determination, we employ a categorical approach, considering whether the *elements of [the] offense* describe 'sexual abuse of a minor' rather than whether [defendant's] *specific conduct* constituted 'sexual abuse of a minor'". 214 F.3d at 603 (emphasis added).

Again, we review only for plain error. The use of such underlying facts for enhancement of the offense at hand has not

6

been directly ruled on by our court.  Therefore, the enhancement cannot constitute error that is "clear" or "obvious".

B.

In district court, Arias claimed "transporting" aliens was not "an alien smuggling offense" under § 2L1.2(b)(1)(a)(vii).  Although he makes that general claim in his opening brief here, he fails to present the required reasons in support.  *See* FED. R. APP. P. 28(a)(9)(A).  Instead, as noted, he waited until his reply brief to do so.  Generally, we "will not consider a claim raised for the first time in a reply brief".  ***Yohey v. Collins***, 985 F.2d 222, 225 (5th Cir. 1993).  We decline to consider this issue.

We note, as held in ***United States v. Solis-Campozano***, No. 02-50799 (5th Cir. filed _____, 2002), that "transporting" does constitute "an alien smuggling offense" for purposes of the Guideline at issue.

III.

For the foregoing reasons, the judgment is

***AFFIRMED***.