**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 04-4469**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JIMMY MOULI MUM,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  James C. Cacheris, Senior District Judge.  (CR-04-14)

_____

Submitted:  May 25, 2005                Decided:  July 13, 2005

_____

Before MICHAEL, TRAXLER, and SHEDD, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

_____

Cary S. Greenberg, RICH GREENBERG ROSENTHAL & COSTLE, LLP, Alexandria, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Patrick F. Stokes, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jimmy Mouli Mum appeals his conviction and seventy-five month sentence for conspiracy to distribute marijuana and possession of marijuana with intent to distribute, in violation of 21 U.S.C. §§ 841, 846 (2000), and possession of a firearm in the furtherance of drug trafficking, in violation of 18 U.S.C. § 924 (2000). We affirm his convictions. Finding that the district court's imposition of sentence violated Mum's Sixth Amendment right to trial by a jury, we vacate the sentence and remand for further proceedings.

Mum first claims on appeal that insufficient evidence supports his conviction for possession of a firearm in the furtherance of drug trafficking. In reviewing the sufficiency of the evidence, this court construes the evidence in the light most favorable to the United States and must draw all favorable inferences in its favor, sustaining the verdict if any rational trier of fact could have found the necessary elements of the crime beyond a reasonable doubt. United States v. Romer, 148 F.3d, 359, 364 (4th Cir. 1998). In United States v. Lomax, 293 F.3d 701, 706 (4th Cir. 2002), this court concluded that "a fact finder is certainly entitled to come to the common-sense conclusion that when someone has both drugs and a firearm on their person, the gun is present to further drug trafficking." Given the circumstances of this case, we cannot conclude it was irrational for the district

court to conclude that Mum's admitted possession of the .25 caliber pistol was in the furtherance of drug trafficking. Accordingly, we affirm Mum's conviction under 18 U.S.C. § 924(c).

Mum next assigns error to the district court's denial of a two-point reduction for acceptance of responsibility. This court reviews a sentencing court's evaluation of acceptance of responsibility under the clearly erroneous standard. See United States v. Ruhe, 191 F.3d 376, 388 (4th Cir. 1999). Uncontradicted testimony at trial indicated that Mum continued to engage in distribution of marijuana even after his arrest for the instant charges. Continuing criminal activity is the antithesis of acceptance of responsibility and is an appropriate consideration in the denial of credit for the same within the scope of the sentencing guidelines. See United States v. Franks, 46 F.3d 402, 406 (5th Cir. 1995); United States v. Panadero, 7 F.3d 691, 694 (7th Cir. 1993). Moreover, we also conclude that Mum's attempt to obstruct justice by the suborning of perjury likewise supports the district court's determination to deny the reduction. Accordingly, we deny this claim.

Mum next assigns error to the district court's calculation of the quantity of marijuana attributable to him for application of the Sentencing Guidelines. We have reviewed the district court's thorough memorandum opinion on this matter, and,

subject to the discussion below, find no error.  Accordingly, we deny this claim on the reasoning of the district court.

Finally, Mum claims that the district court's imposition of sentence violated his Sixth Amendment right to trial by a jury. Because we conclude that the district court's application of the Sentencing Guidelines enhanced Mum's sentence on the basis of facts not found beyond a reasonable doubt, we agree.[*]  See United States v. Booker, 125 S. Ct. 738 (2005); United States v. Hughes, 401 F.3d 540 (4th Cir. 2005).  Accordingly, although we affirm Mum's convictions, we vacate his sentence and remand for further proceedings.

Although the Sentencing Guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing."  125 S. Ct. at 767.  On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination.  See Hughes, 401 F.3d at 546.  The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a) (2000), and then impose a

---

[*]Just as we noted in United States v. Hughes, 401 F.3d 540, 545 n.4 (4th Cir. 2005), "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Mum's sentencing. See generally Johnson v. United States, 520 U.S. 461, 468 (1997) (stating that an error is "plain" if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal").

sentence.  <u>Id.</u>  If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. 3553(c)(2) (2000).  <u>Id.</u>  The sentence must be "within the statutorily prescribed range and . . . reasonable." <u>Id.</u> at 546-47.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>,
<u>VACATED IN PART, AND REMANDED</u>