United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 8, 2006**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 04-41521
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAIME SANCHEZ-NAVARRO,

Defendant-Appellant.

**Appeal from the United States District Court
for the Southern District of Texas
(7:04-CR-543-ALL)**

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jaime Sanchez-Navarro appeals from his guilty-plea conviction and sentence for illegal reentry following deportation, in violation of 8 U.S.C. § 1326.

For the first time on appeal, Sanchez asserts the district court erred in categorizing his previous Iowa-state convictions for tampering with records and failure to appear as aggravated felonies under Sentencing Guidelines § 2L1.2(b)(1)(C) (defendant previously deported or unlawfully remained in the United States after

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conviction of an aggravated felony), resulting in an eight-level increase in his offense level. He contends his offense level should have been increased instead by four levels under Sentencing Guidelines § 2L1.2(b)(1)(D) (defendant previously deported or unlawfully remained in the United States after conviction of any non-enumerated felony). The Government concedes this error and seeks remand for resentencing.

Because the issue was not preserved in district court, our review is only for plain error. *See United States v. Olano*, 507 U.S. 725, 732 (1993). Under that standard, Sanchez bears the burden of showing there is a "clear" or "obvious" error that affected his substantial rights. *Id*. If he is able to do so, we have discretion to correct the error if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id*. (internal citations and quotation marks omitted) (alteration in original).

Based on our review of the Iowa statutes and the charging documents, we agree with the parties that neither of Sanchez's Iowa convictions was an aggravated felony under Sentencing Guidelines § 2L1.2(b)(1)(C). *See United States v. Garza-Lopez*, 410 F.3d 268, 273 (5th Cir.), *cert. denied*, 126 S. Ct. 298 (2005). Moreover, on this record, the error in sentencing Sanchez under a non-applicable Sentencing was clear or obvious. *See United States v. Franks*, 46 F.3d 402, 405 (5th Cir. 1995) (holding the district court committed

clear and obvious error where application of the wrong section of the Sentencing Guidelines resulted in a higher sentencing range).

Because this error "affected the outcome of the district court proceedings" by resulting in a higher sentencing range, we have discretion to correct it. *See* **Olano**, 507 U.S. at 734. We hold that the district court's error substantially affected the fairness of the judicial proceedings. Accordingly, we vacate his sentence and remand for resentencing.

Because we remand for resentencing, we need not reach Sanchez's assertion that the district court erred under **United States v. Booker**, 543 U.S. 220 (2005), by sentencing him pursuant to a mandatory application of the Sentencing Guidelines. *See* **United States v. Villegas**, 404 F.3d 355, 365 (5th Cir. 2005) ("Because we have determined that ... misapplication of the Guidelines requires a remand in this case, we need not consider [Defendant-Appellant's] argument that his Sixth Amendment rights were violated.").

Sanchez's constitutional challenge to 8 U.S.C. § 1326(b) is foreclosed by **Almendarez-Torres v. United States**, 523 U.S. 224, 235 (1998). Although Sanchez contends that case was incorrectly decided and that a majority of the Supreme Court would overrule it in the light of **Apprendi v. New Jersey**, 530 U.S. 466 (2000), we have repeatedly rejected such contentions on the basis that **Almendarez-Torres** remains binding. *See, e.g.*, **Garza-Lopez**, 410

3

F.3d at 276.  Sanchez concedes his challenge is foreclosed in the light of **Almendarez-Torres** and circuit precedent; he raises it to preserve it for further review.

In the light of the foregoing rulings, we need not reach the Government's contention that Sanchez's plea agreement bars consideration of the **Booker** and **Apprendi** issues.

**CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING**