United States Court of Appeals
Fifth Circuit

**F I L E D**

April 21, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-30776
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

D.J. FRANKLIN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:05-CR-60005-ALL
--------------------

Before SMITH, GARZA and PRADO, Circuit Judges.

PER CURIAM:[*]

D.J. Franklin appeals his 51-month sentence for possession

of child pornography.  As his sole issue on appeal, Franklin

contends that the district court erred as a matter of law when it

applied a two-level increase under U.S.S.G. § 2G2.4(b)(2) for

possession of ten or more "items" that contained visual

depictions involving the sexual exploitation of a minor.

Franklin argues that the record is devoid of evidence to support

the increase.  The Government concedes error, concludes that it

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

cannot show that the error is harmless, and asserts that Franklin's sentence should be vacated and his case remanded for resentencing.

Franklin objected in the district court to increases applied pursuant to § 2G2.4(b)(2) and § 2G2.4(b)(5)(B) on the grounds that the increases constituted impermissible double-counting. He now contends for the first time that the record is devoid of evidence to support the § 2G2.4(b)(2) increase; thus, our review is for plain error only. See United States v. Green, 324 F.3d 375, 381 (5th Cir. 2003) (citing United States v. Jimenez, 256 F.3d 330, 340 (5th Cir. 2001)).

Section 2G2.4(b)(2) authorizes a two-level increase if "the offense involved possessing ten or more books, magazines, periodicals, films, videotapes, or other items, containing a visual depiction involving the sexual exploitation of a minor." A "file" that contains a visual depiction and is stored on a digital, electrical, or magnetic storage medium or device is considered one "item." § 2G2.4(b)(2), comment. (n.2).

As the Government concedes, there is no evidence in the record that demonstrates that Franklin possessed ten or more items or files of images. Accordingly, the imposition of the § 2G2.4(b)(2) increase was error that is plain or obvious. See United States v. Villegas, 404 F.3d 355, 364 (5th Cir. 2005).

To demonstrate that the error affected his substantial rights, Franklin must show that the error affected the outcome of

the sentencing proceedings such that there is a probability of error "sufficient to undermine confidence in the outcome." United States v. Mares, 402 F.3d 511, 521 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005). Absent the § 2G2.4(b)(2) increase, the advisory guidelines range would have been 33 to 41 months of imprisonment; Franklin's 51-month sentence is outside of this range. Therefore, we conclude that the error affected Franklin's substantial rights and seriously affected the fairness and integrity of the judicial proceedings. See United States v. Wheeler, 322 F.3d 823, 828 (5th Cir. 2003); United States v. Franks, 46 F.3d 402, 405 (5th Cir. 1995). Accordingly, Franklin's sentence is VACATED, and the case is REMANDED for resentencing.