United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 12, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-41290
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL WAYNE CAMPBELL,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:04-CR-27
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:*

    Michael Wayne Campbell appeals from his guilty-plea conviction for mailing threatening communications to a United States judge, in violation of 18 U.S.C. § 876(c). Campbell argues that the district court violated the principles of United States v. Booker, 543 U.S. 220 (2005), and Blakely v. Washington, 542 U.S. 296 (2004), by making findings at sentencing based on a preponderance of the evidence that increased his guideline range. The district court was entitled to find by a preponderance of the evidence all facts necessary to calculate the guideline range, and there was no Sixth

----

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Amendment error. See United States v. Johnson, 445 F.3d 793, 798 (5th Cir.), cert. denied, 126 S. Ct. 2884 (2006); United States v. Mares, 402 F.3d 511, 519 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005).

Campbell also argues that the district court erroneously calculated his criminal history points and criminal history category because it failed to treat a prior conviction for escape and a prior conviction for aggravated robbery as related. He argues that the offenses occurred on the same day and that he was sentenced to concurrent terms in the same proceeding. Campbell has failed to show that these offenses were consolidated in state court or that the offenses had a close factual relationship, and the district court did not err. See United States v. Bryant, 991 F.2d 171, 177-78 (5th Cir. 1993); United States v. Ainsworth, 932 F.2d 358, 361 (5th Cir. 1991); U.S.S.G. § 4A1.2, comment. (n.3). We also note that Campbell's criminal history category would have been the same even if the offenses had been considered related because the district court determined Campbell was a career offender. See U.S.S.G. § 4B1.1(b).

Finally, Campbell argues that the district court erroneously denied him a reduction for acceptance of responsibility. Approximately two weeks after pleading guilty to threatening a United States District Court judge, Campbell sent another threatening letter to the judge. The district court's conclusion that Campbell failed to show a withdrawal from criminal conduct was

not without foundation.  See <u>United States v. Franks</u>, 46 F.3d 402, 406 (5th Cir. 1995).

AFFIRMED.