# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 26, 2026

Lyle W. Cayce
Clerk

No. 24-50987
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

WESLEY SORSBY,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:21-CR-210-3

Before HIGGINBOTHAM, ENGELHARDT, and RAMIREZ, *Circuit Judges*.

PER CURIAM:*

After pleading guilty to drug-trafficking and firearms charges, Wesley Sorsby was sentenced to a total of 300 months of imprisonment, followed by a total five-year term of supervised release. On appeal, he challenges the sentence, asserting that the district court erred in assessing a three-level U.S.S.G. § 3B1.1(b) enhancement for his supervisory role, assessing a two-

---

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

level U.S.S.G. § 3C1.1 enhancement for obstruction of justice, and denying him credit for acceptance of responsibility under U.S.S.G. § 3E1.1.

Sorsby's assertion that the district court erred by assessing the § 3B1.1(b) enhancement because there were only three charged coconspirators, rather than five, is without merit. The record demonstrates that there were at least five participants. *See United States v. Rodriguez*, 602 F.3d 346, 363 (5th Cir. 2010); *see also United States v. Mendoza-Gomez*, 69 F.4th 273, 276 (5th Cir. 2023). That some of the participants were not indicted is of no moment. *See* U.S.S.G. § 3B1.1(b); U.S.S.G. § 3B1.1, comment. (n.1). Sorsby's assertion that he did not act as a supervisor over other participants is equally unavailing. The record establishes that Sorsby exercised managerial responsibility over the drugs and drug proceeds involved in the offense, so the § 3B1.1(b) enhancement was appropriate. *See* U.S.S.G. § 3B1.1, comment. (n.2) (2023); *see also United States v. Bourrage*, 138 F.4th 327, 353-55 (5th Cir. 2025).

Regarding the § 3C1.1 enhancement, the Presentence Report (PSR) establishes that, at the time law enforcement executed the search warrant on his home and arrested him, Sorsby made death threats against a codefendant. Threats qualify as obstruction of justice under the plain language of the Guideline. *See* U.S.S.G. § 3C1.1, comment. (n.4(A)). Sorsby's newly raised assertion that the PSR alone was insufficient to establish that a threat was made is incorrect; he has never denied making the threat against his codefendant or presented any evidence to rebut the findings in the PSR. *See Rodriguez*, 602 F.3d at 363; *see also United States v. Parker*, 133 F.3d 322, 329 (5th Cir. 1998).

Sorsby has likewise failed to demonstrate any error in the district court's refusal to grant a reduction for acceptance of responsibility. Although he pleaded guilty, the district court found that Sorsby committed

numerous disciplinary violations while in detention pending the disposition of his case, including possessing contraband, destroying government property, refusing to obey staff orders, and assaulting a staff member. Sorsby now complains that the PSR's statements regarding his prison disciplinary proceedings were uncorroborated, but he has not denied the violations or presented any rebuttal evidence. *See Rodriguez*, 602 F.3d at 363; *see also Parker*, 133 F.3d at 329. The district court did not err in relying on the unrebutted PSR to conclude that Sorsby had failed to withdraw from criminal conduct after being charged in the pending offense. *See* U.S.S.G. § 3E1.1, comment. (n.1(B)); *United States v. Franks*, 46 F.3d 402, 406 (5th Cir. 1995); *see also United States v. Watkins*, 911 F.2d 983, 985 (5th Cir. 1990).

The district court's judgment is AFFIRMED.